Curia, per Savage, Ch. J.
The first question to be considered is, whether the plaintiff had such a property in the cattle as to be able to maintain trespass ? For this purpose, he must have had the actual or constructive possession at the time; and the latter is, when he has such a right as to be entitled to reduce the goods to actual possession at any time. [1] (8 John. Rep. 435. Bac. Abr. Trespass (C.) 2. 1 T. R. 480.) As to one of the cows there is no question; and as to the residue, he does not *726 seem ever to have; relinquished his property; nor had his son-in-law the use of the cows for any specific time; ■ He nó douht intended the cows for the use of his daughter ; but did not mean to place them where her husband, or his creditors, could dispose of them. He acted according to. the dictates of humanity; and will be protected by law, while he retains the right of the property in himself, as that draws after it the right of possession. In. my opinion the plaintiff had a'right to bring this action, and must' recover, unless the defendant had a right to distrain the cattle.
To justify as for á distress damage feasant, the defendant must show that he had actual possession of the land trespassed upon. That he had the legal title as-against the plaintiff there1 is no doubt. Had he a right to take possession himself, or should he be driven to his- action of ejectment ?
In the case of Taylor v. Cole, (3 T. R. 292,) to an action of trespass the defendant pleaded, that by virtue of ajft.fa. he sold the interest in a certain term in the opera house to T. H., who afterwards entered into the house, the door being open; and peaceably and quietly expelled the plaintiff. *To this plea the' plaintiff demurred; and Lord Kenyon says, “ It is true that persons having Only a right, are not to assert that right by force; if any violence be used, it becomes the subject of a- criminal prosecution. The question is, whether a person having a right of possession, may not peaceably assert it, if he do-not transgress the laws of his country. I think he may; for a person who has a right of entry, may enter peaceably; and being in possession, may retain it; and .plead that it is his soil and freehold.”'
The case of Taunton v. Costar, (7 T. R. 427,) was an action of replevin.. The defendant was tenant from year to year. The landl’or-d (the plaintiff) gave notice to quit, but the defendant retained possession after the end of the year. The plaintiff entered, and put his cattle upon the locus in quo ; and the defendant distrained; upon which the plaintiff brought replevin. Lord Kenyon said, “ The case is too plain for argument. Here is a tenant from year to year, *727 whose term expired upon a proper notice to quit; and because he holds over in defiance of law and justice, he now attempts to convert the lawful entry of his landlord into a trespass. If an action of trespass had; been brought^ it is clear that the landlord "could have justified under a plea of liberum tenementum.” This case is very much like the present. It has been decided, that, under a sale by a sheriff upon fi.fa., the tenant becomes quasi tenant at will to the purchaser. The same reason holds in case of a sale by a master in chancery. They are both judicial sales. The defendant then was landlord to the son-in-law; and entered peaceably, after the tenant’s interest had expired. Taunton v. Costar shows that no action of trespass could be sustained against the defendant; nor had the tenant a right to distrain the defendant’s cattle when he had put them in the lot.
In this court, too,, there is abundant authority to justify the entry of the defendant. The case of McDougall v. Sitcher, (1 John. 40,) decides, that the purchaser of real estate under a fi. fa., may enter peaceably; although the defendant’s property is on the premises, and they are .occupied by the defendant’s servants. In that case, the servants of the former owner occupied the shop in the day,. and locked it at night. *The next morning the purchaser was in possession; and the court said that a purchaser at a sheriff’s sale may enter upon the property left in the situation this was by one who was defendant in the judgment; that he may retain the' possession, and plead it to be his soil and freehold, to any suit brought by the debtor.
In the case of Hyatt v. Wood, (4 John, 150,) the language of the court is still stronger, and justifies the idea that* as between the parties, and landlord may ent.er by force upon a tenant at sufferance, and turn him out; though as between the landlord and the people, he would be subject to an indictment. (People v. Nelson, 13 John, 340.).
The judge at the trial of this cause was of opinion that the defendant had not such a possession in fact, as would authorize the distress. Taunton v. Costar, I think, shows that he must be considered in possession. He had, in fact, *728 taken all the possession the property was susceptible of and was the only person lawfully in. He was therefore authorised to distrain. In my judgment, the plaintiff cannot recover, and a new trial must be granted
New trial granted.

 Root v. Chandler, 10 Wen. 110