NEW-YORK PRACTICE REPORTS. 265

Van Sickle, by her guardian, &c., agt. Van Sickle.

# SUPREME COURT.

## VAN SICKLE, by her guardian, &c., agt. VAN SICKLE.

No authority is contained in section 372 of the Code, for the submission of actions; it relates solely to the submission of questions of difference without action.

Where an action is commenced, and a case, containing the facts upon which the controversy depends, is then agreed upon and submitted, if the action is not thereby discontinued, it must be when the submission is followed by a judgment, and meanwhile be suspended.

Under the act of April 7th, 1848, "for the more effectual protection of the property of married women," the title of the wife, during the marriage, to her property real and personal, and the rents, issues and profits thereof, remains the same as if the marriage had not taken place.

Where a married woman retains the possession, or right of possession, of her property, the fact that she allows her husband to have the charge and management of it, and to fatten her swine, will not entitle him to the increase of her animals, or the pork made from the swine, but they will belong to her.

The payment in part, by the wife, and from the rent and produce of her property, for chattels purchased by the husband, will not vest in her a title to them.

Where a husband is permitted by his wife to occupy her land, and receive and dispose of the products, the law will not, in the absence of proof of an express agreement that she should share in the products, or that he should account to her, imply such a contract, but will rather regard her as having made a gift of the use of the land to the husband while such occupation continued.

*Monroe General Term, March,* 1853. SELDEN, JOHNSON and T. R. STRONG, Justices. Case agreed upon and submitted.

The plaintiff and defendant in this action were married on the 22d day of November, 1848. At the time of their marriage the plaintiff was possessed in her own right, of certain real and personal property. After their marriage the parties resided together upon the plaintiff's lands, up to about the 1st day of April, 1849, when defendant left on account of difficulties between the parties, and remained away until about the first of July thereafter, and upon a reconciliation being had, returned to the plaintiff's residence, and the parties again resided together as man and wife until the spring of 1850. The defendant again left on account of difficulties between the parties, and remained away until about the 1st day of January, 1851.

Van Sickle, by her guardian, &c., agt. Van Sickle.

During the time that defendant resided with the plaintiff, he had the charge of some portion of the plaintiff's land, and all except what had been rented to others. On or about the 1st day of January, 1851, the parties were again reconciled to each other, and removed from the town of Mt. Morris to Castile, upon a farm owned by defendant, and took with them, among other articles of property, the following, viz:—One white breeding sow and five small pigs, one red and white cow, one red two years old heifer, one plow, one set of drag teeth, about 1000 pounds of pork, 100 pounds of lard and cask containing the same, one barrel of vinegar and cask containing the same, three paper window curtains, one pair of pillow cases, one white swine, one lumber sleigh, one buffalo robe, one large cast iron kettle, a quantity of cucumber pickles, one barrel containing the same, one self regulating stove, and one blue woolen blanket.

At the time the parties removed from Mount Morris to Castile, the defendant agreed with the plaintiff that if she became dissatisfied, the defendant would remove her back with all her property she took with her. The parties resided together at Castile, until about the first of March, 1851, when on account of difficulties, the plaintiff left the defendant's residence, and after demanding the delivery of the above list of articles of property and defendant refusing to deliver them, plaintiff commenced an action to recover the same, and they were by the sheriff delivered to the plaintiff, except the buffalo robe, pillow cases and blue woolen blanket.

The following are the facts in relation to the respective rights of the parties to the several articles of property mentioned, to wit:

The breeding sow was bought after the marriage, of John Washburn, for the price of $18. The defendant paid $6 and four and a half bushels of wheat, at one dollar per bushel, which was raised on plaintiff's land before marriage—balance plaintiff paid after defendant left the second time. The hog was purchased in the fall of 1849. The five pigs were raised from the sow after the purchase. Value $25,00.

Red and white cow was purchased by defendant of John Hulet after the marriage, for $15—defendant paid $10 cash, balance paid by rent due from Hulet for the use of plaintiff's land. Plaintiff had negotiated the contract for the cow before. Value $20,00.

The red two years old heifer was raised after marriage, from a cow belonging to plaintiff before marriage, kept by defendant part of the time on his father's farm, part of the time on plaintiff's land, and part of the time on defendant's land. Value $12,00.

One plow belonging to plaintiff before marriage, and was taken by plaintiff's consent to defendant's farm to be used there. Value $3.

One set drag teeth, 20 in number—was plaintiff's before marriage, except four or five new ones purchased by defendant—the defendant took them from the old wood, set them in a new wood after marriage, with plaintiff's consent. Value $3,50.

Four hundred and seventy-five pounds of pork was made after marriage from a hog owned by plaintiff at the time of marriage, and from pigs raised after marriage, and from a hog procured by defendant from Ira Curtiss, in exchange for one that come from a sow owned by plaintiff before marriage. Pork put down for family use. Value $29,00. Lard same as above. Value $3,00.

Casks belonged to plaintiff before marriage. Value 75c.

Vinegar barrel belonged to plaintiff before marriage, (value 87c.,) vinegar bought by defendant after marriage, for family use. Value 75c.

Paper curtains bought and made after marriage. Value 37c

One pair of pillow cases, cloth bought by defendant, and used after marriage. Value 25c.

One white hog raised after marriage from the same sow as the last hog mentioned in the fatted pork. Value $3,00.

One lumber sleigh belonged to plaintiff before marriage, was slightly repaired by defendant and taken to his farm with plaintiff's consent. Value $7,00.

One buffalo robe was bought by defendant after marriage.

One large kettle belonged to plaintiff before marriage. Va-lue $2,50.

One barrel, value 50c., belonged to plaintiff before marriage, contents picked from plaintiff's land, and the cucumbers put down for family use. Value $1,00.

One stove worth $8,00, bought of Hall & Summers by de-fendant, after marriage.

It is also admitted that while the parties resided and cohabi-ted together, the defendant received several small sums of money from the sale of products of the plaintiff's land.

> WISNER & ADAMS, *for Plaintiff.*
> L. C. PECK, *for Defendant.*

*By the Court*—T. R. STRONG, Justice.—This case comes before the court under section 372 of the Code, which declares that "Parties to a question of difference, which might be the subject of a civil action, may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same, to any court which would have jurisdiction if an action had been brought. But it must appear by affidavit that the controversy is real, and the proceeding in good faith, to determine the rights of the par-ties. The court shall thereupon hear and determine the case at a general term, and render judgment thereon as if an action were depending." The action which was commenced by the wife against the husband, must be deemed to be abandoned or at least suspended, and the case must be considered and deter-mined entirely independent of it. No authority is contained in the section referred to for the submission of actions; it re-lates solely to the submission of questions of difference without action. If the submission of the case did not of itself work a discontinuance of the action, it must do so when followed by a judgment, and meanwhile suspend it. The court are not therefore called upon to decide whether the action was properly brought; or could have been maintained on the facts agreed on by the parties. It is simply to determine the controversy upon the facts and render judgment thereon as if a proper action—

one adapted to the case and the relations which the parties sustain to each other, was depending.

The "question of difference" in the case, is, as to the title to the property specified in the statement of facts; each party claiming to be the owner. By the common law as it stood prior to the act of April 7th, 1848, "for the more effectual protection of the property of married women," it is clear that all the property would belong to the husband. At common law, if a wife, at the time of her marriage, was seized of an estate of inheritance in land, her husband, upon the marriage, became seized of the freehold in right of the wife, and was entitled to the rents and profits during their joint lives. And all goods and chattels which the wife owned at the time of marriage vested immediately and absolutely in the husband. Under these rules the husband in the present case would have a perfect title to all the property in question. The act referred to, has however, introduced an important change in respect to the legal effect of marriage, in operating a transfer of property then owned by the wife, and the issues and profits thereof to the husband, and it is under that act that the claim of the wife in this case is made. By the first section it is provided, that "The real and personal property of any female who may hereafter marry, and which she shall own at the time of marriage, and the rents, issues, and profits thereof, shall not be subject to the disposal of her husband, nor be liable for his debts, and shall continue her sole and separate property, as if she were a single female." The language used plainly discloses the intention of the Legislature. The property real and personal, and the rents, issues, and profits thereof, are not to be subject to the control of the husband, but are to continue the sole and separate property of the wife as if she were a single female. Her title, during the marriage, is to remain the same as if the marriage had not taken place. The effect of this provision, in the case before the court, is, that the wife is the owner of all the property in controversy, which belonged to her at the marriage, and all which can properly be considered rents, issues, or profits thereof. This includes the red two years old heifer, one

plow, fifteen drag teeth, four hundred and seventy-five pounds of pork, the lard, casks, vinegar barrel, one white hog, one lumber sleigh, one large kettle, and one barrel for pickles. The heifer was raised after marriage from a cow owned by the wife at the time of the marriage. Part of the swine from which the pork was made, were also raised after the marriage, from a sow owned by the wife at the time of the marriage. The wife had at all times the possession, or right of possession of the animals, and she was entitled to the increase of them. Orser agt. Storms, (9 *Cow.* 687 ; *Story on Bailments*, § 99, 260.) Allowing the swine to be fattened and made into pork by the husband, did not impair her title. And there is nothing which shows, or from which the court can infer, a sale or gift of any of this property by the wife to the husband.

In regard to the property bought by the husband after marriage, I am satisfied that he is the owner. This includes the breeding sow and five pigs, the red and white cow, five drag teeth, vinegar, paper curtains, one pair of pillow cases, the buffalo robe, large kettle, cucumbers and stove. The sow was in part paid for by the wife, and in part by wheat raised on the wife's land, and in part by cash advanced by the husband. The cow was paid for in part by rent due for the use of the wife's land; the balance was paid by the husband in cash. The payment in part by the wife, and from produce and rent of her property, did not give her any title, she not having been the purchaser.

It is proper to remark here, that the husband having been permitted by the wife to occupy her land, and receive and dispose of the products, the law will not, in the absence of proof of an express agreement that she should share in the products, or that he should account to her, imply such a contract, but will rather regard her as having made a gift of the use of the land to the husband, while such occupation continued.

All the property in dispute belonging to the wife, and most of that belonging to the husband, appears to have been delivered to the former, under proceedings in the action which was commenced. No judgment therefore can be rendered in her

favor in this proceeding, further than that she has title to the property herein found to be hers. And I do not perceive that any judgment can be rendered in favor of the husband, further than that he has the title to the rest of the property. He, of course, has a right to take his property wherever he can find it.

Judgment must be entered declaring the rights of the parties as before stated.

Regarding the case as one of an equitable nature, the Court have a discretion as to the costs, which will be best exercised by denying costs to either party.