## Case No. 673.

### AVERY v. DOANE.

[1 Biss. 64;[1] 3 Amer. Law Reg. 229.]

District Court, D. Wisconsin. Nov. Term, 1854.

HUSBAND AND WIFE — WIFE'S SEPARATE ESTATE —DEBTOR AND CREDITOR—GARNISHMENT.

1. A married woman living with her husband and carrying on trade in her own name, cannot, in Wisconsin, become his debtor nor be garnisheed in proceedings against him.

2. It seems that she cannot hold, to the exclusion of her husband or his creditors, a stock of goods purchased upon credit, nor the proceeds or profits.

At law. This proceeding was commenced by writ of attachment which was served on Sarah A. Doane, as garnishee. Her answer was taken before a commissioner of this court, wherein she states she is the wife of the defendant, Edgar P. Doane, and has

---

[2] [See note at end of case.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

been for eighteen years, and that she resides with her husband at Green Bay, where she is and has been engaged in the dry goods, millinery and fancy goods business for four years; that she carries on the business and buys goods in New York and Chicago in her own name, principally on credit. She also bought goods on credit out of her husband's store before he sold out and stopped business. She had a running account with her husband. When she commenced business at Green Bay her father purchased part of the goods amounting to four or five hundred dollars, and gave her some money as a present. Her business has always been in her own hands, and she now gives her husband his board for his assistance and services. The plaintiff's counsel [2] [not being satisfied with the answer of Sarah A. Doane, of which the foregoing is in substance a part,] moved the court to order an issue, to try her liability as garnishee under the statute, which motion was opposed by her counsel, upon the ground that being the wife of the defendant in the attachment suit, she is not answerable in this proceeding, under the circumstances disclosed in her answer.

Stevost & Bloodgood, for plaintiff.
H. L. Palmer, for defendant.

MILLER, District Judge. There is no law in this state recognizing the custom of London, whereby married women may carry on the business of trade and merchandise as femes sole, while cohabiting with their husbands. In some states femes covert may carry on business as femes sole in pursuance of statutes, while their husbands are engaged as mariners and absent from the country. This is the extent of legislation upon this subject in any of the states within my knowledge. It is unnecessary to refer to authorities to prove, that at common law the husband is entitled to the goods and chattels of the wife, and also to all sums of money which she earns by her own skill and labor, and that these he has absolutely in his own right and not in hers. And if she purchases goods or property, during coverture, with his assent, and with the proceeds of her skill and saving, they become his at the moment of the purchase, and he becomes responsible for such as may be purchased upon credit.

It is contended that the act to provide for the protection of women in the enjoyment of their own property,—approved February 1st, 1850, (chapter 44,) changes the common law upon this subject. The third section of the act is as follows: "Any married female may receive by inheritance or by gift, grant, bequest or devise from any person other than her husband and hold to her own and separate use, and convey and devise real and personal property, and any in-

terest or estate therein, and the rents, issues and profits, in the same manner and with like effect, as if she were unmarried, and the same shall not be subject to the disposal of her husband nor be liable for his debts." The act provides more effectually for the protection of the wife's property by dispensing with the necessary intervention of trustees, than courts of equity had done, but it does not authorize the wife to hold to her own use, to the exclusion of her husband or his creditors, a stock of goods purchased by her on credit nor the profits or proceeds of trade. By the act she might have held to their exclusion the money given her by her father, but nothing more. That was property given her by a person other than her husband, which she by the act could receive and not be subject to the disposal of her husband, nor liable for his debts. The goods now in the store and the notes, accounts, and cash in hand she did not receive by inheritance, gift, grant, devise, or bequest from any person other than her husband or in any way known to this act. The act changes materially the legal incidents of the marriage relation, but it has not extinguished quite all the marital rights of the husband. He is still entitled to the person and labor of his wife, and to the benefits of her industry and economy. The wife by the act is not degraded to the position of a hireling, which she would be if it authorized her to withhold from her husband the proceeds of her own labor, nor is she vested with authority over him, nor independence of him in her business transactions of trade, even if he, as in this instance, after disposing of his goods without paying his debts, should consent to become her servant for his board.

The defendant by voluntarily surrendering to his wife his marital authority in the control and business of his family can not compromise the legal rights of his creditors. He may consent to serve his wife in the store for his board, but the law entitles him and his creditors to the goods and proceeds of sales. The persons from whom she purchased goods upon credit with her husband's consent, cannot bring suit against her, but must resort to him for the recovery of their demands, although the charges in their books may be to her, or the notes signed by her alone. As she cannot contract in business or trade in her own name while living with her husband, she can not sue or be sued in her own name upon transactions connected with the trade, nor be summoned as his garnishee. She can no more be his debtor in this particular than she can hold the goods in store or the avails of sales to the exclusion of him or his creditors.

The common law has wisely ordered that property acquired by the wife by purchase, with the consent of her husband, is in his possession and under his control, and the act under consideration does not disturb this

---

[2] [From 3 Amer. Law Reg. 229.]

provision, so essential to the peace and happiness of families. The act of this state is copied from that of the state of New York, where a similar decision was made in Lovett v. Robinson, 7 How. Pr. 105. And a similar decision of the supreme court of Pennsylvania, upon a similar law, is reported in Raybold v. Raybold, 8 Harris, [20 Pa. St.] 308. In that case it is decided that the fact that real estate was paid for with the wife's earnings and savings, does not give her a trust estate in the property; but that money thus acquired is not the property of the wife within the meaning of the act relating to the estate of married women, but is the property of her husband. For these reasons, the proceedings against Sarah A. Doane are dismissed, and the application for an issue is overruled.

NOTE, [from original report.] The following are the decisions of the supreme court of Wisconsin on the questions involved. Conway v. Smith, 13 Wis. 125, where it is held that the statute gives married women as necessarily incident to the power of holding property, the power of making all contracts necessary and convenient for its enjoyment, and that such contracts can be enforced at law. Approved in Todd v. Lee, 15 Wis. 365, where it is further held that she may become a sole trader and hold the profits of the business. Also approved in Leonard v. Rogan, 20 Wis. 540. The earnings of a married woman, however, during coverture, are the property of her husband, and he can make no contract with her in relation to them; and where a woman had loaned her earnings to her husband, who to repay her had transferred to a trustee notes of third parties. the receiver of the husband's estate was held entitled to reduce the notes to possession and apply them in payment of his debts. Elliott v. Bentley, 17 Wis. 591. A married woman owning land in her own name may cultivate it by the labor of her husband and their minor children, and the products and proceeds are not liable to be taken in execution against him. Feller v. Alden, 23 Wis. 301. Money placed by her in his hands to be invested for her, does not thereby become his property. Id. Under a verbal agreement that the wife was to conduct the husband's business during his absence and have the avails as her separate property, her earnings still remain his property, and she cannot maintain an action on a note purchased by her with such earnings. Stimson v. White, 20 Wis. 562.

The following are the decisions in New York upon the questions involved under a similar statute, the Wisconsin statute being in most respects copied verbatim from it: Sleight v. Read, 18 Barb. 159; Freeman v. Orser, 5 Duer, 476; Smart v. Comstock, 24 Barb. 411; Coon v. Brook, 21 Barb. 546; Cropsey v. McKinney, 30 Barb. 47; Yale v. Dederer, 17 How. Pr. 165, 21 Barb. 286, and 18 N. Y. 265; Commissioners of Excise v. Keller, 20 How. Pr. 280; Berwick v. Dusenberry, 32 How. Pr. 348; Cramer v. Comstock, 11 How. Pr. 486; Klen v. Gibney, 24 How. Pr. 31; Sammis v. McLaughlin, 35 N. Y. 647; Owen v. Cawley, 36 N. Y. 600; Bass v. Bean, 16 How. Pr. 93; Vrooman v. Griffiths, 1 Keyes, [*40 N. Y.] 53; Gage v. Dauchy, 32 N. Y. 293; Abbey v. Deyo, 44 Barb. 374; Knapp v. Smith, 27 N. Y. 277; Sherman v. Elder, 24 N. Y. 381; Marsh v. Hoppock, 3 Bosw. 478; Manchester v. Sahler, 47 Barb. 155; Van Sickle v. Van Sickle, 8 How. Pr. 265; Dillaye v. Parks, 31 Barb. 132; Buckley v. Wells, 33 N. Y. 518; Lockwood v. Cullin, 4 Rob. [N. Y.] 129; Longendyke v. Longendyke, 44 Barb. 366; Whitney v. Whitney, 49 Barb. 319; Savage v. O'Neil,

44 N. Y. 298; Merchant v. Bunnell, 2 Keyes, [3 Keyes, (42 N. Y.)] 539; Kluender v. Lynch, 3 Keyes, [4 Keyes, (*43 N. Y.)] 361.

The following are the decisions of the supreme court of Illinois on a somewhat different statute: Emerson v. Clayton, 32 Ill. 493; Bear v. Hays, 36 Ill. 280; Brownell v. Dixon, 37 Ill. 197; Elijah v. Taylor, Id. 247; Farrell v. Patterson, 43 Ill. 52; Streeter v. Streeter, Id. 155; Cole v. Van Riper, 44 Ill. 58; Manny v. Rixford, Id. 129; Schwartz v. Saunders, 46 Ill. 18; Wortman v. Price, 47 Ill. 22; Sweeney v. Damron. Id. 450; Pierce v. Hasbrouck, 49 Ill. 23; Snider v. Ridgway, Id. 522; Carpenter v. Mitchell, 50 Ill. 470; Dean v. Bailey, Id. 481; Dyer v. Keefer, 51 Ill. 525; Chicago, B. & Q. R. Co. v. Dunn, 52 Ill. 260; Pike v. Baker, 53 Ill. 163; McLaurie v. Partlow, Id. 340; Haines v. Haines, 54 Ill. 74; Wilson v. Loomis, 55 Ill. 352; Thomas v. City of Chicago, Id. 403. Also the following cases, recently decided: Cookson v. Toole, (Jan. term, 1871,) 5 Chi. Leg. News, 184; Hoker v. Boggs, Id. 195; Parent v. Callerand, (June term, 1872,) Id. 159; Schmidt v. Post, Id. 196. These will probably appear in 56 and 57 Ill.[1] See, also, In re Kinkhead, [Case No. 7,824.] The United States supreme court has also passed on the New York statute. Voorhees v. Bonesteel, 16 Wall. [83 U. S.] 16.