THOMAS A. STAPLES *versus* HARRISON T. SMITH.

Possession, or the right to take immediate possession of goods, entitles one to maintain trespass against a wrongdoer.

Where the owner of a chattel agrees to let it remain in the hands of another " till called for," he may maintain trespass, without proof that he has " called for" the chattel, against one who has wrongfully taken it from the possession of the bailee.

To prove that an alleged sale of a chattel is fraudulent, evidence of a fraudulent sale of another chattel at another time, in another jurisdiction, and to another party, is inadmissible.

ON EXCEPTIONS to the rulings of MAY, J.

TRESPASS for a horse alleged to be the property of the plaintiff and to have been taken by the defendant. The defendant justified the taking by virtue of a writ of attachment against one William N. Knox, whose property he alleged the horse to have been at the time of the attachment. The evidence tended to show that Knox sold the horse to the plaintiff before the attachment, who left him in the possession of Knox under a written agreement, that he should " remain in the hands of Knox *until called for*" by the plaintiff. The plaintiff testified that he had never called on Knox or the defendant for the horse.

The defendant contended that the sale of the horse to Knox was fraudulent and void, and introduced evidence in support of his allegations. He offered to prove that the sale of a schooner by Knox, to one Palmer, of Boston, in the fall of 1857, was fraudulent. This evidence being objected to was excluded by the presiding Judge.

The defendant's counsel requested that the jury be instructed that the plaintiff, never having had more than nominal possession of the horse sued for, and having, by written agreement, left him in the hands of Knox until called for by himself, and never having called for him, this action could not be maintained.

This instruction was not given, and the verdict being for plaintiff, the defendant excepted. There was also a motion

to set aside the verdict, upon which no question of law was made.

*J. A. Lowell,* for defendant, in support of exceptions.

The plaintiff had not the possession or the right to immediate possession, and therefore cannot maintain this action. The horse was left in the hands of Knox " until called for." Under this agreement, Knox had a right to reasonable notice when his possession should terminate. *Wyman* v. *Dorr*, 3 Maine, 183; *Lunt & al.* v. *Brown*, 13 Maine, 236, and cases therein cited.

*G. Walker,* for plaintiff.

The opinion of the Court was drawn up by

APPLETON, J.—On the 7th of December, 1858, one William N. Knox sold and delivered the horse, which is the subject of this suit, to the plaintiff, and, at the same time, gave him a bill of sale containing these words—" said Staples agreeing to let the horse remain in Wm. N. Knox's hands till called for." The defendant justifies as an officer under a writ against Knox, as whose property the horse was attached. It was proved that the horse had not been " called for" by the plaintiff, and it is insisted, in the defence, that, for that cause, this suit, which is trespass, cannot be maintained.

Possession, or the right to take immediate possession of goods, entitles one to maintain trespass against a wrongdoer. *Freeman* v. *Rankins*, 21 Maine, 446. So, the mere right of possession is sufficient. *Codman* v. *Freeman*, 3 Cush., 316. The actual or constructive possession is enough. A mortgagee, having a right to take possession, may maintain trespass against a stranger, who unlawfully interferes before the debt becomes due. *Woodruff* v. *Halsey*, 8 Pick., 333; *Foster* v. *Perkins*, 42 Maine, 168.

One having a right to personal property, loaned to another for an indefinite time, may maintain trespass against a stranger for its tortious taking. *Orson* v. *Storms*, 9 Cow., 687. In *Shloss* v. *Cooper*, 27 Verm., 623, where the plaintiff had left

goods in the hands of a commission merchant, taking from him a receipt to "sell or return on demand," and they were attached as his property, it was held that the owner might maintain trespass. In *Strong* v. *Adams*, 30 Vermont, 223, REDFIELD, J., in cases of bailment, held that, unless the bailee had the absolute right to retain possession for a definite time, the action of trespass might be brought against a wrong-doer in the name of the bailor or the bailee. So, if a bailee, without authority, sell or mortgage the property bailed, the bailor may maintain an action of trespass against such vendee or mortgagee without demand. *Stanley* v. *Gaylord*, 1 Cush., 536. The owner may maintain trespass for taking property out of the hands of a person to whom it was lent. *Root* v. *Chandler*, 10 Wend., 110. " It is established 'law," remarks HOSMER, C. J., in *Bulkley* v. *Dolbeare*, 7 Conn., 235, "that the person who has the general property in a personal chattel, may maintain trespass for the taking of it by a stranger, although he never had the possession in fact; for a general property in a personal chattel draws to it a possession in law. Bro. Abr. Tit. Trespass, pt. 404, 341, § 214; 2 Bulst., 268; Bacon's Abr., Trespass, c. 2, 3; 3 Stark Ev. 1639."

Nor are the cases relied upon by the counsel for the defendant, when examined, adverse to these views. In *Wyman* v. *Dorr*, 3 Maine, 183, the cattle, for the taking of which trespass was brought, had been leased for a *term of years*, to be taken back by the owner within the term if he should deem them unsafe in the hands of the lessee. As the term had not expired, and as no notice had been given, the action was not maintained. In *Lunt* v. *Brown*, 13 Maine, 237, the mare in controversy had been leased for a *specified time*. It was there held that the general owner could not maintain trespass against a stranger during the continuance of the lease, because he had neither possession nor the right of taking immediate possession.

Whether the sale of a schooner, at another time, in another jurisdiction and to another party, was fraudulent or

not, was entirely immaterial to the inquiry before the jury, and all evidence relating thereto was properly excluded.

The good faith of the sale of Knox to the plaintiff was submitted to the jury with appropriate instructions, and, notwithstanding the able argument of the learned counsel for the defendant, they affirmed its validity. The evidence tending to show the fraudulent character of the transaction, does not so preponderate as to justify or require interference on our part.

*Motion and exceptions overruled.*

TENNEY, C. J., RICE, CUTTING, MAY and KENT, JJ., concurred.