### Babcock *vs.* Lipe.

A justice's court has the same power to allow amendments in the pleadings and proceedings before it, which is possessed by courts of record.

It may therefore allow a plaintiff to add a new count to his declaration, after the cause has been adjourned.

Error from the Montgomery common pleas. Lipe sued Babcock before a justice of the peace, and declared upon an account for a quantity of plank sold, and the defendant pleaded the general issue. The cause was then adjourned, by consent, to a future day, and a venire was issued at the instance of the defendant. At the adjourned day, which was the 19th April, 1843,

the defendant applied for, and by showing cause on oath, obtained a further adjournment until the first day of July following. After the justice had decided to grant the application for an adjournment, the plaintiff proposed to add a new count to his declaration, in which it was set forth that certain lumber was delivered by the plaintiff to the defendant by way of exchange, he agreeing to replace it by lumber of similar quality at a future time. The testimony subsequently shewed that the new count referred to the same lumber mentioned in the original declaration, there being but one parcel delivered. The defendant objected to adding the new count, but the justice overruled the objection. On the first day of July the parties again appeared, and the defendant applied on oath and obtained a further adjournment till the 15th day of July, on which day the cause was tried by jury, and the plaintiff obtained a verdict and judgment. Other questions arose on the trial not deemed important to report. The common pleas affirmed the judgment.

*W. C. Adams*, for plaintiff in error.

*J. Genter*, for defendant in error.

*By the Court*, JEWETT, J. The justice was right in allowing the plaintiff below to add a new count to his declaration. A justice's court possesses the same power as to amendments as courts of record. (2 *R. S.* 225, § 1; *Brace and others* v. *Benson,* 10 *Wend.* 213.) There can be no doubt but that a court of record could and would have allowed such amendment in that stage of the cause. (12 *Wend.* 228; 6 *id.* 506; 15 *id.* 557; 20 *id.* 668.) The defendant below has no ground to complain of hardship or surprise on that account. He had all the opportunity to defend that he asked for, by means of adjournments after the count was added.

Judgment affirmed.