## SUPREME COURT.

JESSE CONDE agt. NELSON G. SHEPARD and ELIZA ANN SHEPARD.

Where, in an action against husband and wife upon the foreclosure of mortgage executed by them, and also the accompanying bond to secure a part of the purchase-money for the premises conveyed to the wife in fee, subsequent to the act of April 7, 1848, (Sess. L. 1848, p. 307,) *held*, on demurrer to the complaint, that there was no misjoinder of parties, nor uniting of incompatible causes of action, although the wife was not liable on the bond in case of a deficiency on sale, &c. The bond was void as to the wife, but good as to the husband. She was a necessary party because the legal estate was in her, and he was a proper party because of his liability on the bond in case of a deficiency on sale, and both were the mortgagors.

*July* 30*th*, 1849.—The complaint is for the foreclosure of a mortgage made by the defendants on the 10th of May, 1848. It is alleged that the mortgage was executed by the defendants to secure a part of the consideration money due for the same premises that day sold and conveyed by the plaintiff to Eliza Ann Shepard, in fee. The defendants also united in a bond to the plaintiff, conditioned to pay the same sum.

The mortgage was duly acknowledged and recorded, and the requisite notice has been filed.

The defendants have demurred, severally, to the complaint. The causes assigned are, first, that the defendant Eliza Ann, being a *feme covert*, could not make a valid mortgage. 2d. The defendant Nelson G. Shepard was not a proper party to the mortgage, as he had no estate in the premises mortgaged, the land having been conveyed to the wife subsequent to the act of April 7, 1848, (L. of 1848, p. 307.) 3d. The wife could not make a valid bond or covenant. 4th. A cause of action on the bond against the husband, can not be united with the cause of action on the mortgage, to which the wife alone was a proper party.

W. T. ODELL moved for judgment under § 247, on the ground that the demurrer was frivolous.

J. W. CULVER, *contra.*

WILLARD, Justice.—The wife had a right to receive, in her own name, a deed of real estate, and to hold it without its being subject to the disposal of her husband, (L. of 1848, p. 308, § 3,) although the act of 1848 is silent with respect to her right to dispose of the same; yet I apprehend there is no doubt, that at common law she had the right, by uniting with her husband, to charge it with a mortgage, or to convey it away in fee. The better opinion seems to be that the husband, at common law, *must* unite with the wife in the conveyance. (2 Kent's Com. 152.) At at any rate, his uniting with her cannot injure the conveyance. (1 R. S. 758, §§ 10 and 11; *Root* v. *Mix*, 17 Wend. 119; *Gillett* v. *Stanley*, 1 Hill, 121.)

The plaintiff, in a foreclosure suit before the code, might unite with the owner of the equity of redemption any person contingently liable for the debt, either as principal or surety. The rule formerly was, that the mortgagee might sue at law on the bond, and at the same time proceed in equity on the mortgage to foreclose it. (6 J. Ch. R. 77.) This was remedied by the Revised Statutes. (2 R. S. 191, §§ 151–154.) It is now expressly enacted, that if the mortgage debt be secured by the obligation or other evidence of debt of any other person besides the mortgagor, the complainant may make such person a party to the bill; and the court may decree payment of the balance of such debt remaining unsatisfied, after a sale of the mortgaged premises, as well against such other person as the mortgagor, and may enforce such decree as in other cases. (Id. § 154.) The bond in this case was void as to the wife, but good as to the husband. He was a necessary party, and there may be a decree over against him personally for the balance, if the whole cannot be collected by a sale of the mortgaged premises. The wife was a necessary party, because the

legal estate was in her, and she, together with her husband, were the mortgagors. The code has not changed this feature of the Revised Statutes. (See § 167 as to the joining of causes of action, and § 111, &c. &c., as to the parties to action.) The husband and wife were properly made defendants in this cause.

The demurrer in this case is not well taken—there is no misjoinder of parties, nor uniting of incompatible causes of action. Although the wife is not liable on the bond in case of a deficiency after the sale of the mortgaged premises, yet that is not an objection that can be raised in this demurrer.

The plaintiff is entitled to a judgment for the frivolousness of the demurrer. The points raised by it are all well settled, and have been so for about twenty years.