## SUPREME COURT.

LOVETT agt. ROBINSON AND WITBECK Sheriff, &c.

A married woman, living and cohabiting with her husband, purchased goods upon credit and moved them to her residence, where she carried on the millinery business in her own name; it was held that these goods were liable to an execution against her husband for his debt.

*It seems* the 3d section of the act of 1848, as amended in 1849 (*L. of* 1849, *p.* 528), entitled an act for the more effectual protection of the property of married women, does not affect this case.

This cause was tried at the Rensselaer circuit in June 1852, by the court, without a jury. The facts are sufficiently stated in the opinion of the court.

WILLARD, Justice.—In the year 1851, the plaintiff purchased in New York, upon her own credit, a quantity of millinery goods, and removed them to her own residence in Troy, where she carried on business in her own name. At and before the said purchase she was a married woman, living and cohabiting with her husband in that place. She had no capital save her business capacity. Shortly after the goods were removed to Troy, the defendant Robinson, caused an execution to be issued upon a judgment recovered in his favor against S. Porter Lovett jr., the plaintiff's husband, in 1847, for $402.80, and to be levied by the defendant Witbeck, sheriff of Rensselaer, upon the said goods, as the property of the defendant in said execution. The present action is for the alleged wrongful taking of the said goods. On the trial two questions were raised by the defendants.

1st. That the action can not be maintained in the plaintiff's own name, without joining that of her husband; and 2d. That the legal title to the goods after the purchase by the wife, became vested in the husband, and was thus amenable to the execution under which they were taken. This latter objection strikes at the plaintiff's entire cause of action, on the merits, and if well taken, supersedes the necessity of considering the other point.

At common law the husband, upon the marriage, becomes en-

titled to all the goods and chattels of the wife, and to all sums of money which she earns by her skill or labor; and these he has absolutely in his own right, and not in hers (2 *Kent Com.* 130; *Clancy on Rights of Women,* 3; 2 *Barb. S. C. R.* 352). If she purchases goods during the coverture, with his assent, they become vested in him at the moment of the purchase, and he becomes responsible for the payment of them. His assent may be presumed from a variety of circumstances. She may be treated as his agent in making the purchase. Except in the character of agent, she can not, while living with her husband, bind him by her contracts. Such was the rule at law; but in equity the wife was allowed, through the medium of a trustee, to enjoy property as freely as a *feme sole.* The husband himself may be the trustee; and if property be settled to a married woman's separate use, and no trustee be appointed, the husband will be considered as such, notwithstanding he was a party to the instrument under which the wife claims (2 *Kent Com.* 162); and a court of equity will not aid the husband in obtaining the possession of his wife's estate, which he can not reach at law, without requiring him to make a suitable provision out of it for her and her children. And if a creditor of the husband invokes the aid of equity to reach the property of the wife and to apply it to the husband's debts, he must first submit to a proper allowance out of it in favor of the wife and her children. This is called the wife's equity.

This principle can not aid the plaintiff in this case. The plaintiff was cohabiting with her husband at the time of the purchase. Her credit, or business talents, belong to the husband. The purchase was for his benefit, and no consideration was paid or agreed to be paid but what belonged to him (see Petty vs. Anderson, 3 *Bing.* 170; *Clancy,* 27).

It is urged by the plaintiff, that the act for the more effectual protection of the property of married women, passed in April 1848, and amended in 1849 (*L. of* 1848, *p.* 307, and *L. of* 1849, *p.* 528), protect her rights in this case against the claims of her husband's creditors, and enable her to maintain an action as a *feme sole.* The 3d section of the act of 1848, as amended in 1849, so far as relates to this question, is as follows: " Any

married female may take by inheritance or by gift, grant, devise or bequest, from any person other than her husband, and hold to her sole and separate use, &c. &c., in the same manner and with the like effect as if she were unmarried, and the same shall not be subject to the disposal of her husband, nor be liable for his debts." This act was intended to secure to married women whatever they inherited from their ancestors, or received by gift, devise or bequest from any source, or acquired by grant from any person other than her husband, when the consideration for such grant was the sole and separate property of the wife. Thus the wife may not only hold as her own, a legacy bequeathed to her of a thousand dollars, but she may also hold in her own right a farm granted to her by a stranger, to whom she has paid the same thousand dollars. The act enables the courts to go further than the courts of equity formerly went in protecting the wife's equity. The difficulty which the plaintiff has to encounter is, the goods in question did not come to her by inheritance, devise or gift; nor by grant, for which she parted with any property to which she was solely entitled. The consideration which she agreed to pay belonged to her husband. The purchase, therefore, was the purchase of the husband, and the property was thus amenable to an execution against him.

The doctrine contended for on the part of the plaintiff will, if sound, enable married women, in all cases, to carry on the business of trade and merchandize, as *femes sole,* even while cohabiting with their husbands. This is not the law in this country, nor is it the law of England, except in the city of London. The custom of London is thus stated in 3 *Burrows,* 1776, " when a *feme covert* of a husband, useth any craft in the said city, on her sole account, whereof the husband meddleth nothing, such a woman shall be charged as a *feme sole,* concerning every thing that toucheth the craft," &c. &c. (see also *Clancey's Rights of Women,* 70). This custom has not been adopted in this country.

On the whole, I think the title to the goods in question was, at the time of the taking, in the husband, and was liable to seizure by an execution against him, and consequently for that reason, the complaint should be dismissed.