## VANSTEENBURGH *vs*, HOFFMAN.

When the object of an appeal is to question the finding of a referee upon the facts, the case is analogous to a motion under the former practice to set aside the report of referees as against evidence.

The court will not disturb the finding of referees, any more than the verdict of a jury, on a difference of opinion upon the weight of evidence.

But if there is an absence of evidence, or so great a preponderance of evidence against the finding, as to indicate prejudice, partiality or corruption, the court will interfere.

In this state, a negotiable promissory note is not *prima facie* payment of a pre-existing debt.

The promissory negotiable note of a feme covert is absolutely void. And turning out such a note *to secure the payment* of a sum agreed to be paid, is not a performance of the agreement.

Vansteenburgh *v.* Hoffman.

THIS was an appeal from a judgment rendered on the report of a referee, for the plaintiff, against the defendant. As the whole claim of the plaintiff was withdrawn, when the case was finally submitted to the referee, except the issue on the second count of the complaint, no more of the pleadings and evidence will be stated than what was material to the issue decided. The complaint stated that while an action was pending in the supreme court, in which the now plaintiff and defendant were joint plaintiffs, against Low, sheriff of Saratoga, for taking a quantity of lumber and logs, claimed by the plaintiffs in that suit, by virtue of judgments and executions against Alfred Vansteenburgh, a son-in-law of Hoffman, it was agreed between the now defendant and now plaintiff, that if the present plaintiff would consent to discontinue that suit against the sheriff, and give up that cause of action, the now defendant would give him $50. The plaintiff consented thereto, and discontinued the action, &c. The answer in the first place denied the said agreement; and 2d. It admitted the agreement, and stated that Sally Ann Vansteenburgh, the wife of Alfred Vansteenburgh, and daughter of the now defendant, gave her promissory note for the fifty dollars, which the *plaintiff received in full satisfaction;* that the plaintiff afterwards sold and transferred that note, &c.

The reply first denied that the note of Sally Ann was received in satisfaction of the plaintiff's demand; and 2d. Admitted that the plaintiff transferred the note; that it was sued by the transferree, who was defeated in the action by the coverture of Sally Ann, whereupon the plaintiff took back the note and proposed to give it up to be canceled.

Under an order of the court requiring him to report the facts found by him, and the conclusions of law, the referee, on the 4th June, 1852, made a supplementary report, in which he found that in the year 1850, the plaintiff and defendant herein owned together a quantity of saw logs; that there were judgments against one Alfred Vansteenburgh, a son-in-law of the defendant, on which executions were issued to the sheriff of Saratoga, who by virtue thereof, levied upon and sold said logs; that the plaintiff and defendant commenced two suits jointly against the

sheriff therefor.   During the pendency of these actions, Alfred Vansteenburgh was the agent of the now defendant, and had full power to settle said suits.   The defendant, by his agent, proposed to give the plaintiff fifty dollars for the plaintiff's interest in said logs, if he would relinquish his interest therein and consent to a settlement of the suits; and it was proposed to give the individual note of Sally Vansteenburgh to *secure the fifty dollars*, which was agreed to by the plaintiff, and was done accordingly.   That this arrangement was made by said Alfred as the authorized agent of Hoffman, who knew of the settlement, and made no objection to it.   That the said Sally was at the time a married woman, then being the wife of said Alfred; she had no separate property.   That the note was given on time, and when it became due, payment was demanded and refused, on the ground of the coverture of the maker.   That the note was not received by the plaintiff under an express agreement to be received in payment.   The note in question was delivered up on the trial, by the plaintiff, to the referee, to be canceled. The referee found the following conclusions of law upon the foregoing facts.   1. That the note of Sally Ann Vansteenburgh, she being a married woman, was void.   2. That the note was no payment of the fifty dollars agreed to be paid by the defendant to the plaintiff, and therefore he was liable to pay the same. The referee therefore found for the plaintiff $54,99, for which amount judgment was given.

A case purporting to contain the evidence before the referee, was made part of the record.   There was no bill of exceptions. The defendant appealed to this court in July, 1852.

*Meeker & Brown*, for the appellant.

*J. W. Culver*, for the respondent.

*By the Court*, WILLARD, P. J.   The appellant's counsel do not controvert the ' conclusions of law, which the referee deduces from the facts found by him.   All their points are intended solely to question the facts found from the evidence.   They in-

sist that the testimony did not authorize the referee to find the facts as he has stated them, but on the contrary that he ought to have found that the note was received in payment ; that the said Sally Ann had separate property ; and that the note was not void. The code of 1852, probably allows the appellants to raise these questions on appeal; (*see* § 348, *of Code of* 1852 ;) and perhaps also he could have done so under the code of 1851. When the object of the appeal is to question the finding of the referee upon the facts, the case becomes analogous to a motion under the former practice, to set aside the report of referees as against evidence. It has been well settled for a long series of years, that the court will not disturb the finding of referees, any more than the verdict of a jury, on a difference of opinion on the weight of evidence. If there is an absence of evidence, or so great a preponderance of evidence against the finding as to indicate prejudice, partiality or corruption, the court will interfere. The following are some of the recent cases on the subject. (*Green* v. *Brown,* 3 *Barb. S. C. Rep.* 119. *Quackenbush* v. *Ehle,* 5 *Id.* 469. *Eaton* v. *Benton,* 2 *Hill,* 576. 3 *Id.* 256. 2 *Wend.* 356.)

On the terms of the contract, and on the question whether the note was received in payment, the testimony was, to a certain extent, conflicting. But I think the referee has found according to the weight of the evidence. The probabilities, too, are all on that side of the question. In this state a promissory negotiable note is not *prima facie* payment of a pre-existing debt. (*Burdick* v. *Green,* 15 *John.* 247. *Hughes* v. *Wheeler,* 8 *Cowen,* 77. *Conro* v. *Port Henry Co.,* 12 *Barb.* 27.) If its loss is accounted for, or it is produced and surrendered at the trial, the party may recover upon the original consideration. He has no legal presumption to repel, and the onus is cast upon the party insisting on payment, to prove an agreement to receive it in satisfaction. In this case the defendant failed to prove such agreement.

The promissory negotiable note of a feme covert is absolutely void. This is a plain elementary principle which needs no authority to support it. (*Chitty on Bills,* 24, *Barbour's ed.*

*Marshall* v. *Rutter*, 8 *T. R.* 546. *Reeve's Dom. Rel.* 98. *Conde* v. *Shepherd*, 4 *How. Pr. Rep.* 75.)

The defendant having agreed, upon an adequate consideration, to pay the plaintiff fifty dollars, and having failed to do so, except by a promissory note which was void, and which has been given up to him, is legally as well as honorably bound to fulfill that promise. The referee decided right in holding him to his engagement.

The judgment of the referee must be affirmed.

[SCHENECTADY GENERAL TERM, January 3, 1853. *Willard, Hand, Cady* and *C. L. Allen,* Justices.]