## SUPREME COURT.

Daniel W. Chapman and Burton C. Crossett agt. George F. Lemon and Susan A. Lemon, his wife.

Where a husband voluntarily and absolutely deserts his wife, and renounces, so far as he can do it, his marital relations, and leaves, and continues absent from the state, the wife may be regarded as a *feme sole.* Such abandonment and absence operates like an abjuration of the realm at common law. (*See* 4 *Metcalf,* 478.)

The burden of proof will rest upon the party maintaining the right of the wife to act as a *feme sole.*

Where the action was brought against both the husband (who had abandoned his wife) and the wife, and it was alleged and proved, on default of the defendants, and on a reference to ascertain the facts, that the debt was contracted by the wife, and that she had a separate estate, and agreed to pay it out of her separate estate, *held,* though a judgment could not be rendered against her *in personam,* upon her contract, the court, in the exercise of equity jurisdiction, could charge the debt, as a lien, upon her separate estate.

The absent husband, having been proceeded against by publication, and the wife by personal service, the *reference* as to the husband was irregular; but as to the wife it was regular, and she could not take advantage of the irregularity,

-Chäpman and Crossett agt. Lemon and wife.

as to the husband—to set aside the judgment.   He was a nominal party, and the only one to complain.

The *judgment* in this case was *in rem*—not against the wife personally.   It was, in effect, a decree in equity, declaring the plaintiff's demand a valid lien upon the separate property of the wife.   In such a case, an execution to collect the debt out of the separate property of the wife, or against her personally, is unauthorized.   The mode of proceeding to enforce the judgment is for the *court* to determine—on a proper application.

No issue having been joined, the plaintiffs were not entitled to a trial fee ; ($15;) and no clerk's fees, on entering the special term order, could be allowed.

*Albany Special Term, March,* 1855.

MOTION to set aside judgment, &c.

The complaint alleges, that in 1853, the plaintiffs sold goods to the defendant, Susan A. Lemon, and performed labor, &c., for her to the amount of .$161 ; and that she promised to pay therefor out of her separate property, and did appoint the same to be paid out of her separate estate ; and the plaintiffs claimed judgment for the amount stated, with interest, to be collected out of the separate property of the defendant, Susan A. Lemon. The summons and complaint were served personally on the wife, and on the husband by publication.

The defendants having failed to appear, the plaintiffs, on the 30th of January, obtained an order, at a special term, by which it was referred to a referee, "to hear and take the material proofs in the action, and to report the material facts, and his opinion thereon to the court."   The referee reported that the defendants were husband and wife; that about the year 1848, the husband, who had previously resided in Troy, abandoned his wife, and went to California, and had not since returned; that the wife still resided in Troy ; that she had a separate estate, which came from her father, or some other relative, and which had always been kept separate from her husband's affairs; that since her husband left, the wife had transacted business in her own name; that she contracted the debt, for which this action is brought, in her own name, and promised to pay it out of her separate estate ; and that there is due the plaintiffs the sum of $179.06.

Upon this report, the court, on the 27th of February, 1855,

ordered judgment for plaintiffs, with costs, and that the judgment be collected out of the separate estate of the defendant, Susan A. Lemon. The costs were taxed at $44.31, and judgment was perfected for $223.37.

On the 4th of March an execution was issued to the sheriff of Rensselaer, requiring him to satisfy the judgment " *out of the separate personal property of the defendant, Susan A. Lemon; or, if sufficient cannot be found, then out of the separate real property and estate in the county belonging to the defendant, Susan A. Lemon, on the 27th of February, 1855, or at any time thereafter."*

Upon the taxation of costs, there was allowed to the plaintiffs $15 for a trial fee, and several other items, which were objected to on the motion. The defendant, Susan A. Lemon, moved to set aside all the proceedings subsequent to the service of the summons and complaint, on the ground,—

1. That such proceedings were *ex parte*, and without notice to her.

2. That the complaint and report of the referee did not entitle the plaintiffs to a judgment against her.

3. That the reference itself was unauthorized and improper, and the proofs, if any were necessary, should have been taken by the court or the clerk.

4. The plaintiffs' proceedings were, or should have been, *in rem*, and not *in personam*, and the judgment should have contained all the provisions and directions necessary for its execution; and the omission cannot be cured or supplied by the execution.

5. The costs were overcharged. The plaintiffs were not entitled to a trial fee. The clerk was not entitled to fees for entering the orders of reference and for judgment. If the reference was irregular, the fees of the referee ought not to be allowed.

MARTIN I. TOWNSEND, *for plaintiffs*.

JEREMIAH ROMEYN, *for defendant, Susan A. Lemon*.

HARRIS, Justice. At the common law the disability of co-

verture was removed, when the husband was exiled or had ab-jured 'the realm. The wife thereby became capable of suing and being sued as a *feme sole*. (2 *Kent's Com*. 154.)

In this country it has been held, that where a husband absolutely deserts his wife, and renounces his marital rights and duties, and leaves the state, the wife may be regarded as a *feme sole*. In *Abbot* agt. *Bayley*, (6 *Pick*. 89,) it was held, that a residence in another state was equivalent to a residence in any foreign state. But before the wife can be treated as a *feme sole*, it must appear that the husband has voluntarily abandoned her, and, so far as he could do it, has renounced his marital relations. · Such a renunciation, coupled with continued absence from the state, operates like an abjuration of the realm at common law. (*Gregory* agt. *Pierce*, 4 *Metcalf*, 478.)

The burden of proof would rest upon the party maintaining the right of the wife to act as *feme sole*. In this case the plaintiffs have not ventured to assume this burden, but have chosen to treat the wife as still under coverture, and seek to charge her separate estate with the payment of their debt. They allege, and have proved before the referee, that the debt was contracted by the wife, and that she agreed to pay it out of her separate estate. If this be so. though a judgment cannot be rendered against her *in personam* upon her contract, the court, in the exercise of equity jurisdiction, can charge the debt thus contracted as a lien upon the separate estate. (2 *Kent's Com*. 164; 2 *Story's Eq*. §§ 1399 *to* 1401; *Gardner* agt. *Gardner*, 22 *Wend*. 526.)

This I understand to be the effect of the judgment in this case, and the facts established before the referee warrant such a judgment. The judgment is, that the amount recovered by the plaintiffs be collected out of the separate property and estate of the defendant, Susan A. Lemon. The effect of this judgment is, to make the plaintiffs' debt a charge upon the separate property of the wife. It may be imperfect in not directing the mode of enforcing the lien; but this omission, though it may render some further application to the court

necessary, does not render the judgment, so far as it goes, invalid or irregular.

But it is insisted that the reference was unauthorized, and, of course, that the judgment founded on the report of the referee, is also irregular. As against the defendant, George F. Lemon, this might be so. He was proceeded against by publication of the summons; and in such a case the *third* subdivision of the 246th section of the Code, makes it the duty of *the court* to require proof to be made of the demand mentioned in the complaint. No authority is given to order a reference. But the defendant, Susan A. Lemon, was proceeded against by a personal service of the summons and complaint; and in such a case the *second* subdivision of the section last mentioned expressly authorizes a reference. As against Mrs. Lemon, therefore, the reference was regular; and even if it was irregular, as against the husband, as I am inclined to think it was, it does not lie with her to take the objection. He was, at most, but a nominal party; and if he does not complain of the irregularity, it is not for the wife to take advantage of it.

But, though the judgment may be upheld, as, in effect, a decree in equity declaring the plaintiffs' demand a valid lien upon the separate property of the wife, the execution was irregularly issued. The plaintiffs' attorney has entirely mistaken the mode of enforcing such a judgment as he has obtained. An execution can only be issued where the judgment requires the payment of money, or the delivery of specific real or personal property. Here the judgment only declares the plaintiffs' right to have their debt paid out of the separate estate of the wife. An execution can only be issued upon a judgment *in personam.* Here the judgment is *in rem.* It is against Mrs. Lemon's estate, and not against her personally. (*See Code,* §§ 285, 286.)

In this case, as the judgment does not contain directions for enforcing the lien which it declares, the plaintiffs, before they can proceed further, will find it necessary to apply for such directions. If the property chargeable by the terms of the judgment with the payment of the plaintiffs' debt is in the hands of a trustee, an order directing him to pay the amount of the

judgment may be sufficient. If the property is in the hands of the wife herself, a receiver may be necessary. At any rate, the mode of proceeding is a question which must be referred to the judgment of the court. The execution clearly was unauthorized, and must be set aside.

No issue having been joined in the action, the plaintiffs could not be allowed a trial fee upon the taxation of their costs. The items for clerk's fees, on entering the special term order, were also improperly allowed. An order must be entered deducting $15.50 from the costs as taxed, and setting aside the execution as irregular. As the defendant has succeeded but partially in her motion, neither party is to have costs as against the other.

The defendant has sworn to merits. It is probable that the questions upon which she relies have been disposed of by this decision; but as she may have some other ground of defence, the order may provide that she be let in to answer upon the payment of $10 for the costs of opposing this motion, and $6.63 for the costs of the reference and entering judgment.