## LEVI COON *vs.* JANE BROOK, impleaded with John Brook.

No personal judgment can be rendered against a married woman, for a debt contracted by her during coverture.

Where a married woman has a separate estate, her obligation, incurred on the faith of it or for its benefit, is enforced, when capable of being enforced, *as a charge*, and never as a *personal liability*.

The statutes of 1848 and 1849, "for the more effectual protection of the property of married women," do not enable *femes covert* to contract debts or make notes for objects not allowable prior to the passage of those statutes.

Coon *v.* Brook.

The promissory notes of a married woman are still void at law, and no legal action wherein a personal judgment is demanded against her can be maintained upon such a note.

The only remedy a creditor has upon the promissory note of a married woman, when given for the benefit of her separate estate, is the old equitable remedy by suit to reach the property upon which the note is a charge.

A justice of the peace has not jurisdiction of such an action.

COON brought an action before a justice of the peace, against Jane Brook and John Brook her husband, upon a promissory note in these words and figures, viz:

"$35.00. Ithaca, Oct. 6, 1854. Sixty days after date, for value received, I promise to pay James Norton, or bearer, thirty-five dollars, with use. (Signed)

RICHARD × BROOK,     JOHN BROOK,

MARY × BROOK,     JANE BROOK."

The pleadings were oral. The plaintiff presented the note to the justice as his complaint, and demanded judgment thereon for $35 and interest from its date. The defendants denied each and every allegation of the complaint, and set up the marriage of the defendant Jane Brook with the defendant John Brook, prior to the making of said note. The plaintiff proved the execution of the note and rested. The defendants then proved they were married in June or July, 1850. A witness stated, under the defendants' objection, that "the wife Jane Brook has separate property. She has a deed for the house and lot where they live." Upon this evidence the justice rendered a judgment in favor of the plaintiff, for $36.43 damages, and $1.12 costs. Jane Brook appealed to the Tompkins county court, where the judgment was affirmed. She then brought an appeal to this court.

*Samuel Love,* for the respondent.

*Dana, Beers & Howard,* for the appellant.

*By the Court,* BALCOM, J. The justice of the peace rendered a judgment in this action, in the ordinary form of justices' judgments, against the appellant and her husband, for $36.43

damages and \$1.12 costs, upon a promissory note, that was executed by the appellant and her husband after they were married, and by two other persons, as makers. The judgment is against the appellant *personally*, not solely against her property ; and it has been affirmed by the Tompkins county court.

Suits *in equity* against married women to reach their separate estates, where they have by *appointment* charged the same with the payment of debts incurred by them during coverture, widely differ from the proceedings in this action, which charge the wife *personally* with the payment of the note in suit.

In equitable actions to charge the separate estates of married women with debts contracted by them during coverture, the demand for judgment should be, that the separate estate of the wife be charged with the payment of the debt set out in the complaint ; and that such estate be applied to the payment of such debt and the costs of the action. Receivers are appointed, in such actions, to take possession of the estate of the wife, dispose of the same, and satisfy the debt and costs out of the avails thereof. In such actions the complaint should show the nature of the debt, and that the wife had a separate estate when she contracted it ; and the nature, situation and value of such estate, or of that portion thereof she has at the time the action is commenced ; and that the wife made or intended to make the debt a charge on such estate, at the time she contracted it.

A married woman can only incumber or charge property which she owns at the time she contracts debts. Her promises to incumber future acquisitions are void. The creditor can only reach property she owns when the debt is made. He cannot touch what she may afterwards acquire. She has power to charge her separate property with debts contracted by her for the benefit of her separate estate, or for her own benefit, upon the credit of it, and there is some authority for saying she may charge her separate estate where she signs notes or bonds as surety ; but it is unnecessary to pass upon that question in this case. The authorities bearing upon these questions are numerous. (*The*

Coon *v.* Brook.

*N. A. Coal Co.* v. *Dyett,* 7 *Paige,* 9.   10 *How. Pr. Rep.* 109. 15 *Barb.* 28.   *Id.* 555.   20 *Wend.* 570.   22 *id.* 526.   1 *Sandf. Ch. R.* 17.   2 *id.* 287.   3 *id.* 104.   1 *Barb. Ch. R.* 34.   3 *id.* 11.   1 *Comst.* 452.   2 *Story's Eq. Jur.* § 1400, *pp.* 843, 844. 2 *Kent's Com.* 4*th ed.* 163 *to* 170.   8 *T. R.* 545.   11 *How. Pr. Rep.* 235.   *Id.* 486.   4 *Barb.* 407.   4 *Comst.* 9.   17 *John.* 548.   *See English cases collected in Law Lib. N. S. vol.* 51, *chap.* 7, *p.* 513.)

No cause of action against the appellant is stated in the complaint, and none was proved.   The evidence failed to show that the appellant had separate property at the time she executed the note upon which the action was founded.   Proof that she had separate property at the time of the trial was not sufficient.   Besides, the judgment is against her personally, and for that reason it is erroneous.   No personal judgment can be rendered against a married woman for a debt contracted by her during coverture.   Where a married woman has a separate estate, her obligation incurred on the faith of it, or for its benefit, is enforced, when capable of being enforced, *as a charge,* and never *as a personal liability.*   (*Rogers* v. *Ludlow,* 3 *Sandf. Ch. R.* 104.)

The statutes of 1848 and 1849, "for the more effectual protection of the property of married women," do not enable *femes covert* to contract debts or make notes for objects not allowable prior to the passage of such statutes.   She can now dispose of her separate property without the consent or interference of her husband; but she is still regarded as a *feme covert,* in other business transactions.   (7 *How. Pr. Rep.* 105.   *Id.* 109.)   Her husband's right to her society and her services remains unimpaired.   The promissory notes of the wife are still void at law, and no legal action wherein a personal judgment is demanded against a *feme covert* can now be maintained upon such a note. The only remedy the creditor has upon the promissory note of a married woman, when given for the benefit of her separate estate, is the old equitable remedy by suit to reach the property upon which the note is a charge.   A justice of the peace has not jurisdiction of such an action.   It does not come within

the class of actions, enumerated in the code, of which justices of the peace have jurisdiction. It is not an action for the "recovery of money *only*." (*Code*, § 53.) The ultimate object of the action is money, but the judgment is not that the plaintiff recover of the defendant a certain sum of money. It is that the debt of the plaintiff be charged upon the estate of the wife, and that the same be applied to the payment of such debt; and other provisions are incorporated in the judgment, which it is not necessary to mention.

The respondent's counsel insists that the authority conferred on justices of the peace, to try and determine actions "according to law and equity," (2 *R. S.* 225, § 1,) gives them jurisdiction to try equitable actions to charge the separate estates of married women with debts contracted by them during coverture. This position is erroneous. Judgments in such actions, against married women, cannot be enforced by execution. (*Chapman* v. *Lemon and wife*, 11 *How. Pr. Rep.* 235.) Although courts of justices of the peace have some of the powers which are possessed by courts of record, (10 *Wend.* 213; 18 *id.* 558; 1 *Denio*, 139; 4 *id.* 419;) no decision can be found holding that such courts can try purely equitable actions of any kind.

The judgment of the county court, and that of the justice, must be reversed with costs.

Judgment accordingly.

[MADISON GENERAL TERM, May 13, 1856. *Shankland, Gray* and *Balcom*, Justices.]