## EDWARD WILLIAMS *v.* LEONE CARROLL.

Where, upon proceedings supplementary to execution, founded on a judgment of a district court, a transcript of which has been filed with the county clerk, it ap pears that at the time of the recovery of the judgment the defendant was a mar ried woman, the proceeding will be dismissed.

A justice of a district court has no jurisdiction of an action against a married woman, and can give no personal judgment against her.

If she is possessed of a separate estate, and obligations are incurred by her in respect to it, they can only be enforced in a court of equity, as a charge against it, but never as a personal liability.

*It seems,* that judgments in such actions are not enforced by execution, but operate as a lien upon the estate charged, and are enforced as *in rem.*

Where, upon the examination of a party on supplementary proceedings, it appears that he has sold property which belonged to him, and received therefor its full value, any inquiry as to the name of the purchaser is immaterial.

But it is otherwise where it is shown that the property has been disposed of for less than its value, upon condition that he should have it back on repaying the amount received for it.

APPEAL by the plaintiff from a decision of a judge at chambers, and an order entered thereon, refusing to allow a certain inquiry to be made of a defendant, upon her examination on proceedings supplementary to execution.

The facts are sufficiently stated in the opinion.

*Lewis Beach,* for the appellant.

*Henry H. Morange,* for the respondent.

By the Court, HILTON, J.—The plaintiff recovered judgment in a justice's court, and on filing a transcript with the county clerk, execution was issued out of this court to the sheriff. Upon its return unsatisfied, supplementary proceedings were instituted under an order of one of the judges of this court to examine the defendant respecting her property. On her examination before the referee, it appeared that at about the time of the

Williams v. Carroll.

recovery of the judgment she was the owner of a watch and chain of the value of $150, but which she had since "sold for $50, upon condition that if she had the money at any time she might take it back." Being asked to whom she had so disposed of the watch and chain, objection was interposed to the question by her counsel, and the referee refused to allow the inquiry. Upon motion at special term, this decision was sustained, and from the order then made the plaintiff appeals.

From the opinion of the judge, indorsed upon the papers submitted, it appears that his decision was based on the presumption that a question similar to the one proposed, had been previously passed upon and disallowed by me ; and from the referee's minutes it is manifest that his ruling was founded upon a like impression. On reference, however, to the testimony, it will be seen that, at the time the question was rejected by me, it simply appeared that she had been the owner of a watch, which she had disposed of; but it did not appear that it was worth anything beyond the amount she received for it. Under these circumstances, it seemed to me quite immaterial to whom she had sold it, until it was first shown that she possessed some valuable interest in it. This was subsequently made to appear ; and when the question was last put it was proper, and would now be allowed but for a fatal objection to these proceedings, which is presented to us by the defendant's examination submitted.

To the inquiry of the plaintiff's counsel as to whether she is a married woman, and if her husband is living, she answers in the affirmative ; and it is shown, in addition, that she was married at the time the judgment was recovered against her. This being the fact, (and we cannot overlook it), the justice had no jurisdiction to give any judgment whatever in this action brought before him, and the judgment he has attempted to render cannot be enforced. It has long been settled that no personal judgment can be given against a married woman. If she is possessed of a separate estate, and obligations are incurred by her in respect to it, they will be enforced against it in a court of equity as a charge, but never as a personal liability. *Rogers* v. *Ludlow*, 3

Sand. Ch. R. 104; *Yale* v. *Dederer*, 18 N. Y. Rep. 265. In such actions judgments are not enforced by executions, but are declared a lien upon the separate estate charged, and enforced as *in rem*. *Chapman* v. *Lemon*, 11 How. 235; *Yale* v. *Dederer*, 21 Barb. 286; *Coon* v. *Brook*, 21 Barb. 546; *Dickerman* v. *Abrahams*, id. 551. Justice's courts possess none of the peculiar powers of courts of equity which enables them to give relief in cases like these; and, being purely equitable actions, they have no jurisdiction whatever in respect to them.

Under these circumstances we will not assist in the enforcement of the plaintiff's judgment, and the appeal taken is dismissed, with costs.

Ordered accordingly.