## SUPREME COURT.

JAMES DURHAM and GOULD B. BARLOW agt. JOSHUA WILLARD and WILLIAM N. MASON, surviving trustees of CLARISSA A. WILLARD, CLARISSA A. WILLARD and WILLIAM F. WILLARD.

*Sixth District Broome General Term, July,* 1860.
*Present,* MASON, BALCOM, CAMPBELL *and* PARKER, *Justices.*

THIS action was brought to charge certain real estate, situated in the county of Chenango, which the plaintiffs claimed was owned by the defendant, Clarissa A. Willard, wife of the defendant, William F. Willard, with the payment of a debt of less than $100, that said Clarissa contracted after her marriage, by employing the plaintiffs to repair and paint a house on the premises, which the plaintiffs sought to charge the debt upon.

The action was tried at a special term held in Chenango county in August, 1859. The defendants objected to the plaintiffs giving evidence to establish their cause of action, on the ground that under the complaint the plaintiffs could not sustain the action, their claim against Clarissa A. Willard being less than $100; that the matter in dispute does not exceed in value, exclusive of costs, $100; that the court of equity will not entertain an action claiming relief in equity, where the amount claimed is less than $100, or when the amount of the demand in suit, and involved or in dispute, and as to which relief is demanded, is less than $100, and moved that the plaintiffs' complaint be dismissed. The plaintiffs' counsel conceded that the claim of the plaintiffs was less than $100, but opposed the motion. The court thereupon excluded the evidence, and granted the defendants' motion, and dismissed the plaintiffs' complaint. To which decision the plaintiffs duly excepted. Judgment was entered upon the said decision, dismissing the plaintiffs' complaint, with $41.37 costs to the defendant, William N. Mason, and $46.50 to the defendant, Clarissa A. Willard. The plaintiffs appealed from the judgment to the general term of the court.

FRANCIS U. GARATT, *attorney, and* LEWIS KINGSLEY, *counsel for plaintiffs.*

WILLIAM N. MASON *and* ISAAC S. NEWTON, *for defendants.*

BALCOM, Justice (*dissenting*). A justice of the peace has not jurisdiction to try the cause of action set out in the complaint (*Coon* agt. *Brook*, 21 *Barb.*, 546); and the only remedy the plaintiffs have to collect their demand against Mrs. Willard is in equity. The debt was created by her subsequent to her marriage, for the benefit of her separate estate, and her obligations incurrred for that purpose must be enforced, if at all, as a charge on such estate, and not as a personal liability. (*Rogers* agt. *Ludlow*, 3 *Sand. Ch. R.*, 104.) It is clear that if the complaint in this action was properly dismissed, the plaintiffs are remediless, and the anomaly exists in our judicial system that prevents the collection of all debts less than $100, against married women; at least such was the case prior to the passage of the act of 1860, "concerning the rights and liabilities of husband and wife." (*Laws of* 1860, *p.* 157.) What change, if any, that act has made, it is unnecessary now to ascertain, for this action was tried in 1859, and must be determined by the law as it then existed.

I should not have discussed the question in *Cobine* agt. *St. John* (12 *How. Pr. R.*, 333), respecting the right to maintain, in this court, actions like this, wherein the claim is less than $100; if I had known when I decided that case, as I now do, that this court at a general term in this district had passed upon the question, before I came to the bench, and held that equitable actions brought in it concerning property, where the plaintiffs demand, exclusive of costs, does not exceed $100 in value, should be dismissed with costs to the defendants, precisely as the court of chancery was required to dismiss such actions prior to the adoption of the constitution of 1846; but as my opinion in *Cobine* agt. *St. John* has been published (though incorrectly in some respects), and the decision made at the general term, which I have mentioned, has not been reported, and this court, at a general term in the fourth district, has held upon this question, in *Mallory* agt. *Norton* (21 *Barb.*, 424),

the same that I did in *Cobine* agt. *St. John*, I think we should regard the question an open one, and determine it as we are now convinced it ought to be settled.

The statute in force when the existing constitution was adopted, read as follows: "The court of chancery shall dismiss every suit concerning property, where the matter in dispute, exclusive of costs, does not exceed the value of one hundred dollars, *with costs to the defendant.*" (2 *R. S.*, 1*st ed.*, 173, § 37.) This section has been omitted in the 4th and 5th editions of the Revised Statutes, and, as I suppose, because the eminent lawyers who supervised their publication were of the opinion that it was abrogated. It restricted the jurisdiction of the court of chancery to suits concerning property, where the matter in dispute, exclusive of costs, *exceeded* the value of $100. In other words, that court was forbidden to proceed with any suit concerning property, if its value, exclusive of costs, was only $100, or was less than that sum. But I think this restriction was removed by § 3 of art. 6 of the constitution, which declares " There shall be a supreme court having *general* jurisdiction in law and equity."

The continuation of the powers as they had before existed in the legislature, to *alter and regulate* the jurisdiction and proceedings in law and equity (*Con.*, *art.* 6, § 5), has no bearing upon the question, whether the conferring of *general* jurisdiction, in equity, upon the supreme court did not abrogate the section of the Revised Statutes above quoted.

If it could be said that the judiciary act of 1847, by implication, revived the above mentioned section of the Revised Statutes, I think the Code has removed such implication. The Code has abolished, so far as was deemed practicable, all distinction between actions at law and suits in equity, and the forms of all such actions and suits as they existed prior to its enactment. (*Code*, § 69.) By § 306 costs in all suits in equity "may be allowed, or not,

in the discretion of the court." This is inconsistent with the idea that, *as matter of law*, the court must dismiss a certain class of such suits, *with costs, to the defendant;* and the spirit of the entire Code is opposed to the position that the jurisdiction of this court, of suits in equity, concerning property, is affected in the least by the value of the matter in dispute.

For the foregoing reasons, I am of the opinion the jurisdiction of this court in equity is *general*, as conferred by the constitution.

If this conclusion is correct this court has jurisdiction of this action, and should have heard and determined it upon the merits; and the judgment in it, dismissing the complaint, with costs, was erroneous, and should be reversed, and a new trial granted, costs to abide the event.

Judgment affirmed, for the reasons contained in the foregoing opinion of Justice PARKER, in *Marsh* agt *Benson*.