### FERREE v. ELLSWORTH et al.

*(Common Pleas of New York City and County, General Term. July 11, 1892.)*

1. DISTRICT COURTS—EQUITABLE POWERS—CORRECTION OF MISTAKES—PAROL EVIDENCE
    Where a contract in writing appeared on its face to completely express the agreement of the parties, the district courts of the city of New York, having no equitable powers for the correction of mistakes in written instruments, cannot admit parol evidence to show that a mistake occurred in making it.

2. JUDGMENT—ADMISSION OF CLAIM—COSTS
    Where plaintiff sued for $130, and defendants, by their answer, admitted that $65 were due, the justice erred in rendering judgment for $10 costs in favor of defendants.

Appeal from first district court.

Action by Samuel P. Ferree against Edward Ellsworth and another to recover on a contract for advertising. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

*Douglass & Minton*, for appellant. *Charles A. Murphey*, for respondents.

GIEGERICH, J. The plaintiff, who was in the advertising business, had leased the advertising privilege in certain street car lines, and then solicited advertisements for space. On the 21st day of October, 1891, one Bender, a soliciting agent, received from defendants the following written proposition, namely:

"(Dictated by E. E.)                              NEW YORK, October 21st, 1891.

"*Street Railway Advertising Co.*, 231 *Broadway, City* — GENTLEMEN: Please insert one double H–O and one double Sweet Clover card in ninety-eight (98) full-time cars of your lines in one half of the following: Bergen St., 22 cars; Butler street, 13; Fifth avenue, white line, 28; Fifth avenue, green line, 22; 15th St. line, 14; Hicks St., 13; Park Av., 11; Sackett St., 16; Seventh Av., 33; Vanderbilt Av., 24. The H–O card is to be on one side of car, and the flour card on the other. A complete list is to be furnished us on November 1st, 1891, or on date of placing our card thereafter that date, and to continue six months. Terms to be $130 per month, payable monthly, after the expiration of first month. Size of cards, 11 by 22.

                            "Very truly yours,            EDWARD ELLSWORTH & Co."

This letter was submitted by Bender to the plaintiff's general manager in New York, who accepted the same. This is the contract on which the action is based. It is admitted that the advertising has been done, but the defendants claimed that they wrote the figures "130" by mistake, and intended to write instead "$65." Edward Ellsworth, one of the defendants, was permittted on the trial, notwithstanding the plaintiff's objection and exception, to testify that when he dictated the letter in question the figures "130 a month" were inserted by mistake. The witness was further asked: "How did this mistake occur? Have you any explanation as to how it occurred?" To this question counsel for the plaintiff objected, but the court admitted it, to which exception was duly taken, and the witness answered: "The mistake occurred in this way: The contract price being $65, and double the amount of space being specified, I doubled the figures 65." PRYOR, J., in delivering the opinion of this court in *Store-Service Co.* v. *Hartung*, 19 N. Y. Supp. 233, well says: " The rule is fundamental and familiar that, if the paper ap-

pear on its face to be a complete contract, then, in the absence of fraud, accident, or mistake, parol evidence is inadmissible to enlarge its terms; the conclusive presumption of law being that such paper embodies the entire agreement between the parties." In *Thomas* v. *Scutt,* 127 N. Y. 133, 27 N. E. Rep. 961, it was held that to bring a case within the rule admitting parol evidence to complete an entire agreement, of which the writing is only a part, two things are essential—*First,* the writing must not appear on inspection to be a complete contract; and, *second,* the parol evidence must be consistent with, and not contradictory to, the written instrument. The writing in question appears upon its face to completely express the agreement of the parties. The respondent, however, urges that the ruling of the justice should be sustained, because the agreement was made under a mistake of fact; and the appellant, on the other hand, contends that, if there was a mistake in the written contract, it could only be corrected in an action to reform the instrument, which action must be brought in a court of equity, and that a district court has no such equitable powers. The question thus arises whether district courts have the power to entertain the defense that the contract was made under a mistake of a material fact, and by reason thereof relieve the defendants from all liability thereon.

The general rule is that an act done or contract made under mistake or ignorance of a material fact is avoidable and relievable in equity. Story, Eq. par. 140; Willard, Eq. Jur. p. 69. It was, however, held by this court in *Williams* v. *Carroll,* 2 Hilt. 438, that district courts possess none of the peculiar powers of courts of equity, and that they have no jurisdiction whatsoever in respect to them; and this rule again received recognition by this court in the case of *Salter* v. *Parkhurst,* 2 Daly, 240. From these authorities, it clearly appears that district courts have no power to receive proof, in an action on a written instrument which completely expresses the agreement of the parties, that the same was made under a mistake of fact or ignorance of a material fact; and it follows, the evidence on the part of the defendants that they made the agreement under a mistake of fact was clearly inadmissible. The defendants by their answer admitted that the sum of $65 was due from them to the plaintiff upon the above set forth agreement. Judgment should have been rendered in favor of the plaintiff, in any event, for $65, with interest and costs up to the time of the payment of the money into court. The justice, however, erroneously rendered judgment in favor of the defendants for $10 costs. For these reasons the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.