KRAUS v. SMOLEN.

(Supreme Court, Appellate Term.  February 23, 1905.)

1. MUNICIPAL COURT—EQUITY JURISDICTION—REFORMATION OF INSTRUMENTS.
    Under Municipal Court Act, § 2, subd. 2 (Laws 1902, p. 1490, c. 580), providing that the Municipal Court shall not have any equity jurisdiction, except in summary proceedings, such court, in an action for use and occupation of a basement, had no jurisdiction to reform a lease of a part of the building, to include the basement.

2. SAME—WRITTEN CONTRACTS—PAROL EVIDENCE.
    In an action for use and occupation of a basement, defendant was not entitled to introduce parol evidence to enlarge the terms of a lease under which he occupied other parts of the building, to include the basement.
    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 1737.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Ida Kraus against Joseph Smolen. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Marks & Weilar, for appellant.
Myer Brinstein, for respondent.

GIEGERICH, J. The action was brought to recover for the use and occupation of a basement. The answer denied the occupation of the cellar in question as the plaintiff's tenant, and, as an affirmative defense, set up the existence of a written lease by the plaintiff's predecessor in title for the basement in question, together with the store above; alleging that through inadvertence

the word "cellar" had been omitted from the lease, and that there had been an intention on the part of both parties to the contract to include the cellar with the store.

At the opening of the case the plaintiff's attorney moved to strike out the separate defense on the ground that the reformation of a written instrument was not within the jurisdiction of the court. This motion was denied, but erroneously, in our opinion. That the District Courts of the city of New York have no equity jurisdiction has been adjudged in frequent decisions. Williams v. Carroll, 2 Hilt. 438; Salter v. Parkhurst, 2 Daly, 240; Ferree v. Ellsworth, 1 Misc. Rep. 93, 19 N. Y. Supp. 659. The latter case was one in which the plaintiff sued on a written agreement for advertising, which specified, among other things, "terms to be $130 per month, payable monthly." The defendant was permitted on the trial in the District Court to testify that "$130" was a mistake, and that "$65" was intended; but the court on appeal ruled that the District Court had no power to entertain such a defense, and reversed the judgment. The present Municipal Court has been held to be not a new court, but a continuance, consolidation, and reorganization of the former District Courts under a new name (Worthington v. London G. & A. Co., 164 N. Y. 81, 58 N. E. 102); and our attention has not been called to any statute, nor are we aware of any, by which the Legislature has attempted to confer upon such court the equitable power of reforming written instruments. On the contrary, the Municipal Court act (section 2, subd. 2; Laws 1902, p. 1490, c. 580) expressly provides that the Municipal Court shall not have any equity jurisdiction, except that in summary proceedings a person to or against whom a precept is issued shall not be prevented from setting up an equitable defense. The present case differs from Ferree v. Ellsworth, supra, in that there the plaintiff relied upon a written instrument, which the defendant sought to vary by parol, while here the case of the defendant is even worse, because he himself pleads the instrument whose terms he seeks to enlarge. The admission of oral evidence for that purpose was plainly error.

It is further argued in support of the judgment that there was no sufficient proof of the relation of landlord and tenant to warrant a judgment in favor of the plaintiff; but, inasmuch as this objection was not raised upon the trial, and inasmuch as the trial justice received testimony that the lease was intended to cover the cellar as well as the store, and that the plaintiff was informed of this at the time she purchased the property, thus rendering it impossible to determine on what theory a decision was rendered in favor of the defendant, we think the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.