Dowling, J. (dissenting):
Plaintiff brings suit to recover damages for the breach of an agreement in writing between him and defendant, as follows:
“ Telephone Canal 0948 New Yobk, Mar. —, 192 “ Jos. L. Vieses “ 3223 Berks St.
“ Phila. Pa.
“ To D. S. Bellows “ Jobber and Exporter of “ General Merchandise
“ Entire Stocks, Manufacturing Plants and Surplus Stocks Bought for Cash.
Terms Freight 402 Broadway
“ 100 Cases Canteens 75 to a case 2.25...... 225.00
“ 100 Cases Mess Kits 2.25...... 225.00
“ 450.00
“Deposit............................... 60.00
“Balance............................... 390.00
“S. D. B./L.
“ Received JOSEPH L. VIESER
“ 60 Deposit “ Balance S /D
“ S. BELLOWS ”
The complaint alleges that at the time of making the agreement plaintiff paid defendant the sum of $60 on account of the purchase price, leaving a balance of $390 still due; that such balance was payable upon the delivery of the merchandise; that plaintiff duly demanded the merchandise of the defendant and duly offered and was at all times ready, able and willing to pay defendant the said balance of $390, but defendant in violation of the agreement refused *544 to deliver the merchandise and informed plaintiff that he would not deliver the same.
The testimony offered by plaintiff supported the allegations of his complaint, and showed that the written agreement was drawn by defendant’s bookkeeper after defendant spoke to him; and that defendant asked plaintiff to sign the paper and the defendant signed it-also.
The letters “ S. D.” appearing on the paper were testified to mean “ sight drafts,” and the letters “ B. L.,” bill of lading.
The proof of damage was given by a qualified witness, one Sherman, a dealer in the very goods in question, who swore that the market value on March 23, 1922, was twelve dollars and fifty cents a case, and that he had made a sale at that price. He admitted he had bought them himself as low as fifty-five cents a pound from the government, and that he knew of sales as low as two dollars and fifty cents a case; but he could not get them on the market in March, 1922, for less than twelve dollars and fifty cents a case, and he had bought these very goods in suit from plaintiff at ten dollars a case, having an order himself for their resale at twelve dollars and fifty cents a case. He swore he thought he was getting them cheap when he bought them from plaintiff at ten dollars per case. There was no contradiction of the testimony of this witness.
The answer of the defendant was first a general denial of the allegations of the complaint, except an acknowledgment that plaintiff had paid him the sum of $60. It then set up as a first defense the making of an entirely different agreement between the parties, by which 100 cases of canteens were to be sold at the price of $2.25 per dozen, each case to contain six and one-quarter dozen of canteens, and 100 cases of mess kits at $2.25 per dozen, each case to contain five dozen, making a total for the 200 cases of $2,531.25, on which plaintiff has paid $60 on account, leaving a balance of $2,471.25, which plaintiff has failed to pay, though defendant was ready, willing and able to deliver the merchandise. The defense concludes: “ * * * and that the agreement as made between the parties on said day relating to the sale of said cases of canteens and mess kits was and is as stated in this defense and n,ot as stated in the complaint.”
It thus clearly appears that what defendant was seeking to do by this pleading was to entirely ignore a written agreement of purchase and sale, complete in all its details and signed by both the .parties thereto, and to substitute for it an alleged oral agreement. The contract in suit was clear and unambiguous, no errors appear upon the face thereof, and there was no error or inadvertent mistake *545 made in extending the amounts, such as was given as a ground for relief in City of New York v. Dowd Lumber Co. (140 App. Div. 358), cited by the Appellate Term. In that case the item on the bid submitted was “ 3000 pieces spruce at 35c per piece — $105," instead of $1,050, an error apparent upon the face of the paper.
There is no claim of fraud or deceit upon the part of plaintiff in the making of this contract. It was drawn by defendant’s own employee. There is no claim of mutual mistake, and plaintiff stands upon the contract and seeks to enforce its provisions.
The answer sets up no claim of a mistake of any kind in the writing sued on, nor are any facts alleged upon which any court could grant equitable relief by reforming this contract. It simply calmly ignores the written agreement of the parties, sets up a different oral agreement as having been made, and says that was the real contract of the parties. If such a pleading is sufficient to dispose of a written contract, then the unbroken succession of cases upholding the prohibition of parol evidence to vary or contradict a written contract becomes of no further value, and written contracts possess no further vitality. As was said by Mr. Justice Laughlin writing for a unanimous court in Ward v. Union Trust Co. (166 App. Div. 762, 765): “ None of those authorities, however, sustain the contention made in behalf of the respondent that a defendant may admit the execution and validity of a contract in writing and at the same time, without reforming it, show in defense to the action at law thereon, not that there was no agreement at all on a particular subject embraced in the contract, but that the agreement thereon negotiated by the parties was not as evidenced by the writing; and all of the authorities aré, I think, to the contrary. [Born v. Schrenkeisen, 110 N. Y. 55; Studwell v. Bush Co. 206 id. 416; Thomas v. Scutt, 127 id. 133; City of New York v. Matthews, 156 App. Div. 490; Rubenstein v. Radt, 133 id. 57; Johnson v. Johnson, 157 id. 289; Kraus v. Smolen, 46 Misc. Rep. 463.]
“ If the doctrine for which counsel for the respondent contend were to prevail, then in every action at law based on a contract in writing it would be open to the defendant to claim before a jury that certain agreements upon which the minds of the parties met in the preliminary negotiations were through inadvertence or by mistake omitted from the formal contract, and thus contracts, without being reformed, would always be subject to such defenses, and no contract which a jury would consider inequitable or unjust or harsh could ever be enforced. There is no precedent for such *546 a theory, and none should be established. If the agreement, as reduced to writing, does not embody the agreement of the parties with respect to the payment of the taxes, then a court of equity should reform it, and as reformed it will be a complete defense to the action.” (See, also, Independent Trading Co., Inc., v. Fougera & Co., Inc., 192 App. Div. 686; Ocheo Realty Corporation v. Sev Realty Corporation, 205 id. 324.)
I believe the learned trial judge was right in refusing to receive evidence to contradict or vary the written contract of the parties, and in directing a verdict for plaintiff upon the undisputed facts in the case; and I, therefore, dissent from the affirmance of the détermination of the Appellate Term and vote to reverse the same and to reinstate the judgment of the City Court.
Clarke, P. J., concurs.
Determination affirmed, with costs, and judgment absolute ordered in favor of the defendant, in accordance with plaintiff’s stipulation, dismissing the complaint, with costs.