## Thomas Dent et al., Respondents, *v.* The North American Steamship Company, Appellant.

Where, after the receipt of a written statement of the terms of sale of personal property, the vendee takes possession of the property without any dissent, this constitutes an acceptance of and acquiescence in the terms, and the statement becomes the contract of sale.

A resolution of the board of directors of a corporation, ratifying the act of one acting as its agent, is competent evidence of the authority of the agent.

Where the language of a written contract is obscure and ambiguous, facts existing at the time of the making of the contract may be properly considered, for the purpose of interpreting the language; but no evidence

of the language employed by the parties in making the contract can be resorted to except that furnished by the written contract itself.

(Argued April 24, 1872; decided May 21, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiffs entered upon the report of a referee.

The action was brought to recover a balance due upon a promissory note made by defendant.

The answer set up a counter-claim, in substance, that the plaintiffs, on the 11th day of December, 1866, in consideration of the said note, and of other securities, agreed to sell and deliver possession to the defendant the steamship Paonshon, then lying in the city of New York, and agreed to complete her hull, engines and boilers according to certain contracts, and that they failed to do so, and claimed, as damages, $20,000.

The steamship Paonshon had been built for the plaintiffs, and on the 11th September, 1866, was nearly completed; the vessel was then lying at the foot of Eighth street, East river. On that day negotiations for the sale and purchase were had by Mr. Pickering Clarke, of the firm of Dehon, Clarke & Bridges, on behalf of the plaintiffs, and Mr. William H. Webb, the president of the defendant's company. The terms of sale being agreed upon, a letter was written on the same day by Mr. Clarke, and delivered to and accepted by the defendant. The letter was as follows:

"NEW YORK, *September* 11th, 1866.
"WILLIAM H. WEBB, Esq.,
     "*President of the North Am. Steamship Co.*,
               "54 Exchange place, New York:

"DEAR SIR.—This serves to state the terms and conditions upon which we have this day sold to your company the steamship or vessel known as the Paonshon, now lying at the foot of Eighth street, East river, New York. Hull of said vessel built by Simonson, and engines erected by the Neptune Iron Works.

" We have sold you the said Paonshon as she now lays at the foot of Eighth street, East river, and deliverable there, for the price of two hundred and eighty thousand dollars (say $280,000), payable as follows, say: Ninety thousand dollars in the full stock of the North American Steamship Company, of the same character and on the same basis as that issued to the originators of the company; and the balance, $190,000, in three separate notes of the North American Steamship Company at twelve, fifteen and eighteen months' date, respectively, say:

| | |
|---|---:|
| One note at twelve months, for ............. | $63,333 33 |
| One note at fifteen months, for ............. | 63,333 33 |
| One note at eighteen months, for ........... | 63,333 33 |
| Making in all the sum of................... | $190,000 00 |

" And said notes to bear interest from the dates thereof at the rate of seven per cent per annum.

" As collateral security for the payment of said $190,000, you are to execute to us a first mortgage on said Paonshon, in a sum sufficient to cover the same, with the interest thereon as stated, and also to deposit with us satisfactory insurance policies, both fire and marine, for sums in the aggregate adequate to cover the full amount of the mortgage.

" The said Paonshon is to be delivered to you where she now lays, as above stated, with all now on board belonging to her included, in which are five of Trotman's patent anchors, two chain cables of 150 fathoms each, and of the size of $1\frac{5}{8}$ and $1\frac{3}{4}$ inch, with two boxes of pins, punches and keys for same.

" We would state that there may be some little work to be done about the engines, and the same may be said respecting the hull; but should the contracts with engine makers and the builder be found to provide for the completion of such work, you are to have all the benefit said contracts bestow in this regard.

" A formal bill of sale, delivery of the vessel, payment in

stock and notes, execution of mortgage accompanied by insurance policies to be attended to, executed and made with all possible dispatch.

"Your friends,

"DEHON, CLARKE & BRIDGES."

{ Int. Rev. Stamp, }
{ 5c., canceled, }

No contract was made between the parties for the sale other than is contained in the letter above referred to. Mr. Webb had received from Clarke copies of the contracts and specifications for the building of the hull and spars, and of the engines, and had visited the vessel, and had examined her to see how much work had been done according to the specifications. At the time of making the sale it was known to both parties that Boardman, Holbrook & Co., the contractors for the engine and boilers, were insolvent.

On the 23d September, 1866, at a meeting of the board of directors of the defendant's company, it was resolved that the action of the president in purchasing the Paonshon on the terms and conditions set forth in the letters of Messrs. Dehon, Clarke & Bridges, dated December 11th, 1866, and addressed to the president of this company, be approved, and said purchase confirmed and ratified.

There was unpaid upon the contract between plaintiffs and Boardman, Holbrook & Co., $3,127.74. Subsequent to the purchase Mr. Webb wrote to plaintiffs' agent, requesting them to retain this sum and hold it to defendant's credit, as indemnity to that extent for non-fulfillment of contract. Upon the trial defendant offered evidence of the parol agreement prior to the writing of the letter, which was rejected by the referee, and defendant excepted. The referee found, as conclusion of law, that by the terms of the contract of sale the plaintiffs did not undertake that the hull, engine or boiler of said steamer should be finished according to the contracts that had been made therefor, and directed judgment for the amount remaining unpaid on the note after deducting the said sum of $3,127.74.

*G. W. Soren* for the appellant. The words of the contract imposed upon plaintiffs an obligation to complete the vessel in accordance with the contract for construction. (*Wilson* v. *Turner,* 7 Bosw. Law R., 1st series, p. 517; *U. M. Co.* v. *Lounsbury,* 42 Barb., 127.) If the terms of the letter are ambiguous, then the referee should have received proof to show how it was understood by the parties. (*Beach* v. *Raritan R. R. Co.,* 37 N. Y., 457.) The letter alone was not a contract, and will not sustain a verdict. (*Hough* v. *Brown,* 19 N. Y., 111,) Even if considered as a complete contract, yet parol evidence was clearly admissible to show it was not so intended by the parties. (*Greenham* v. *Gray,* 3 Irish Jurist, N. S., 9; *Wallis* v. *Littell,* 11 Com. Bench, N. S., 369; *Pym* v. *Campbell,* 6 Ellis & Blackburn; *Phila., etc., R.* v. *Howard,* 13 How. U. S. Rep., 308; *Beach* v. *R. B. R. R. Co.,* 37 N. Y., 463; *Stuckley* v. *Bailey,* 1 H. & C., 405; *Lockett* v. *Micklin,* 2 Ex. R., 100.) To make the acceptance of a proposal binding, it must be either communicated to the party, or some overt act manifesting an intent to communicate it, must be shown. (*Trevor* v. *Wood,* 36 N. Y., 309; *Bently* v. *Columbia Ins. Co.,* 17 id., 423; *Mactier* v. *Frith,* 6 Wend., 103.)

*Henry Nicoll* for the respondents.

RAPALLO, J. We are of opinion that the evidence was sufficient to sustain the finding of the referee, that the letter of Sept. 11, 1866, constituted the contract between the parties. Although the resolution of the board of directors of the defendant, ratifying the purchase of the steamship by Mr. Webb, on the terms and conditions set forth in the letter, may not have been communicated to the plaintiffs, yet, after the receipt of the letter by Mr. Webb, the defendant took possession of the vessel without any dissent from the terms stated in the letter. This constituted an acceptance of and acquiescence in the terms expressed in the letter, and the plaintiffs had the right to rely upon it as an assent to those

terms. The resolution was competent evidence of the authority of Mr. Webb.

The clause of the letter which states that the defendant is to have all the benefit which the contracts with the engine makers and the builder bestow, in regard to work remaining to be done about the engines and hull, is obscure and ambiguous. Facts existing at the time of the making of the contract may, therefore, be properly considered, for the purpose of interpreting this language; but no evidence of the language employed by the parties in making the contract can be resorted to, except that which is furnished by the writing itself. (1 Green. Ev., § 277.) The referee, therefore, properly excluded evidence of verbal agreements preceding the writing of the letter.

The construction of the clause claimed by the defendant is that it was an undertaking on the part of the plaintiffs that all work on the vessel called for by the contracts of the engine makers and builder, and undone at the time of the sale, should be completed. In no other manner, it is contended, could the defendant obtain all the benefit which the contracts bestowed, in regard to such work. On the other hand the plaintiffs claim that the clause imports no obligation on their part to answer for the default of the engine makers and builder, but entitled the defendant only to the benefit of the contracts so far as they remained unperformed, and that the plaintiffs did not assume any liability beyond that of paying what remained unpaid of the contract price of the work.

The referee adopted the construction claimed by the plaintiffs. After a careful examination of the whole letter, in view of the facts existing and known to the parties at the time, we think that the construction adopted by the referee was correct, and that the benefit intended to be conferred was the benefit of the contracts, and not of the work therein stipulated to be done.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.