DOERR *et al. v.* WOOLSEY.

(*Common Pleas of New York City and County, General Term.* December 2, 1889.)

SALE—RIGHTS AND REMEDIES—ACTION FOR PRICE.
    Plaintiffs delivered a pair of horses to defendant's coachman, with a notice that they would cost $200 more than a former pair, which message was given to defendant, who kept and used the horses from that time.    She told her coachman plaintiffs would have to see her son, who did all her business; but the message was not given to plaintiffs. *Held,* defendant was liable for the $200.

Motion for a reargument.    For former report, see 5 N. Y. Supp. 447.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*P. C. Tolman,* for appellant.    *R. C. Schaider,* for respondents.

DALY, J.    I have read the evidence in the case and the briefs, and it does not appear that the general term overlooked anything in either.    The original contract to supply defendant with a pair of horses upon the original terms was not lost sight of; for it was in view of that original contract, and the subsequent assent to a modification as to price, (assumed from the retention by the defendant of the last pair of horses sent to her, with knowledge that $200 additional was demanded for them,) that the general term cited the cases of *Manufacturing Co.* v. *Dunning,* 41 Hun, 638, and *Dent* v. *Steam-Ship Co.,* 49

N. Y. 390. The justice who rendered the judgment, and the general term of this court, have held that the act of the defendant in retaining the horses, with express notice that their price was $200 above the original contract, was an assent to such price, and agreement to pay it. The plaintiffs were not bound to give notice to the defendant's son because he had charge of the negotiation. It was for the defendant, after receiving notice, to refuse the horses, or to notify her son to negotiate concerning this additional demand, if she desired to retain them. It was not until some time after she had received the horses, with notice, and when a bill was presented for the additional price, that she referred plaintiffs to her son; and this did not avoid the effect of her retaining the horses. Besides, the son, when applied to by plaintiffs, refused to hear them. The motion for a reargument should be denied, with $10 costs. All concur.