## CURTIS v. SOLTAU.

*(Common Pleas of New York City and County, General Term. January 5, 1891.)*

CONTRACT—MUTUALITY—MEMORANDUM—PAROL EVIDENCE.

A memorandum in writing of a sale of goods by plaintiff to defendant was signed by defendant only, and purported to contain his obligation, and no more. In an action for a balance of the price, defendant set up that the sale was by sample, and that plaintiff warranted the goods to be of the same quality as the samples, and that a part of them, which was rejected, was of no value, and did not correspond with the samples. *Held*, that as there was no written contract of sale by plaintiff, and as no question of the statute of frauds could be raised, the agreement having been executed, evidence of conversations with plaintiff at and before the sale, and letters written by him before the sale, were admissible to prove a sale by sample and a warranty, and also evidence that the goods rejected were not within the meaning of the contract, and that defendant had no opportunity to inspect the goods. Following *Routledge* v. *Worthington Co.*, 23 N. E. Rep. 1111, 119 N. Y. 592.

Appeal from trial term.

Action by J. Gardner Curtis against Robert Soltau. Defendant appeals from a judgment in favor of the plaintiff for the sum of $3,065.48, entered upon a verdict rendered by direction of the court, and from an order denying defendant's motion for a new trial.

The action was to recover $2,589.08, balance of the purchase price of certain lots of gutta-percha on September 6, 1888. The following is the only memorandum of sale which was made: "BOSTON, Sept. 6th, '88.

"Bought of Messrs. J. Gardner Curtis & Co., Boston, the following lot of gutta-percha:

| | C | XX<br>WP | XX |
|---|---|---|---|
| Ex-Brilliant | 20 pcs. | 14 packages. | 34 packages. |
| " Chelmford | 86 " | 34 " | 104 " |
| " Slamat | 93 " | 67 " | 37 " |
| " Mimi | " | 34 " | 9 " |
| | abt. 199 pcs. | abt. 149 bkts. | abt. 184 bkts. |

At the price of 32½ for C; 12c. for $\frac{XX}{WP}$; 12c. for XX. Terms, cash 10 days, less 1% brokerage from delivery of each lot as taken. Lots all to be taken off by Soltau during month of September, 1888. Tare of each mark to be ascertained by taring actually 10% (ten per cent.) of same, and to be applied on the lot. Baskets to be in good order, and any repairing to be done for seller's account. Sample packages Soltau got to be settled at above prices for the three different marks.     ROBERT SOLTAU.

"Please make out three different delivery orders. One delivery order for each mark."

The answer set up that the sale was by sample, and that plaintiff expressly warranted and represented the bulk of the gutta-percha to be equal to the samples, and that subsequently it was discovered that 98 baskets marked "XX" proved to be a certain foreign substance, having no marketable or other value whatever, and possessing none of the qualities of gutta-percha, and in no respect corresponding to the alleged samples; and a counter-claim of $994.78 damages is set up, resulting from the loss of profits upon a contemplated sale, which defendant alleges the plaintiff knew of at the time of the purchase. The reply of the plaintiff admits that the defendant received samples of the merchandise, but alleges that they were taken by the defendant himself, from the bulk of the gutta-percha in warehouse, and that defendant personally inspected, and had the opportunity to inspect, the whole of said gutta-percha, and after such inspection, took such samples as he chose, and denies that plaintiff made any warranty or representation, and denies that any part of the gutta-percha proved to be a foreign substance, having no marketable or other value; and, while admitting that the plaintiff supposed defendant bought the gutta-percha for the purpose of reselling the same, denies that plaintiff knew to whom, or for what price, defendant expected to sell.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*George M. Pinney*, for appellant. *Frank E. Blackwell*, for respondent.

DALY, C. J., (*after stating the facts as above.*) Upon the trial of the action, the defendant offered evidence of conversations with the plaintiff at and before the sale, and letters of the plaintiff written before the sale, to prove that the sale was by sample, and also that the plaintiff, at the time of the execution of the written memorandum, warranted that the gutta-percha was of the same quality as the samples, and also offered evidence to show that the 98 baskets rejected were not gutta-percha, within the meaning of the contract, and were not merchantable, and that he had no opportunity for inspecting the goods which he purchased. This evidence was excluded. There was no written contract of sale on the part of the plaintiff. The memorandum in evidence was signed by the defendant only, and purports to contain his obligation, and no more. It cannot be said to be the contract between the parties. Not having been signed by the plaintiff, it was not in any sense his contract. He could not have been sued upon it, and so far as he

was concerned, his agreement rested solely in parol. Under these circumstances, as the agreement of sale has been executed, and no question of the statute of frauds can be raised, the defendant should have been permitted to show by parol what the contract of the plaintiff was. Since the trial of this action, the precise point has been decided in *Routledge* v. *Worthington Co.*, 119 N. Y. 592, 23 N. E. Rep. 1111. In that case, which was an action to recover payment for certain goods sold by the plaintiff to the defendant, the plaintiffs produced in evidence a writing signed by the defendant, by which it agreed to take them at a price specified. Defendant set up a counter-claim, and offered to prove by parol that plaintiff agreed, in consideration of the purchase, and as a part of the agreement, that the trade price at which they sold the goods should not be lowered, and damages were claimed for a breach of that agreement. The testimony was objected to and excluded. This was held error; that the writing represented a part only of the contract, that is, the defendant's undertaking, while that of the plaintiff rested simply in parol; that there was in fact no valid contract between the parties, but, as it had been executed, this took the agreement out of the statute of frauds, and left the parties subject to, and bound by, the terms of the actual agreement made; citing *Lockett* v. *Nicklin*, 2 Exch. 93, which was an action of debt for goods sold and delivered, the goods being furnished upon a written order of the defendant, and the defendant offering parol evidence to prove that the terms upon which the order was given was six months' credit, etc., the evidence was held admissible to show the whole contract, of which the paper contains only one of the terms. The rule is stated in the court of appeals opinion as follows: "The rule which rejects parol evidence when offered with respect to a contract between parties, and put into writing, has no application to a case like this, where, of the original agreement which has been executed, a part only is in writing, and the rest was verbal. The principle of liability is the same, whether the whole transaction be embodied in one instrument setting forth the respective obligations of both parties, or whether it takes the form of a separate undertaking by each party. Whether we regard the writing of the defendant as an order or as an agreement is quite immaterial. In either view, it was an admission only of the defendant's engagement." In the light of this decision, the exclusion of the testimony offered by the defendant of the agreement made by the plaintiff was error, and the judgment must be reversed, and a new trial ordered, with costs to abide the event. All concur.

CONTRACT—MUTUALITY—MEMORANDUM—PAROL EVIDENCE.

