### LAMSON CONSOLIDATED STORE SERVICE CO. *v.* HARTUNG.

*Common Pleas of New York City and County, General Term.*   June 6, 1892.)

WRITTEN CONTRACT—WHAT CONSTITUTES—PAROL EVIDENCE.
>    A writing signed by defendant, directing plaintiff to "ship" him two registers, and stating that he agrees to pay for the use thereof a certain amount per month until a named sum shall have been paid; that the registers shall then become his property; that, until such sum shall have been paid, he shall be entitled to their custody only; and that, on nonpayment of any installment, plaintiff shall be entitled

to resume possession, without liability on its part, for such sums as shall have been paid,—though not signed by plaintiff, is binding on it as a contract for the conditional sale of the registers, and cannot be varied by parol evidence of a warranty.

On rehearing. For decision on appeal, see 18 N. Y. Supp. 143. For order granting the rehearing, see Id. 951, *mem.*

Action for balance of purchase price of a chattel. The contract sued on is as follows:                                       "JUNE 24, 1891.

"*To Lamson Consolidated Store Service Co., Boston, Mass.:* Please ship two No. 7/25 adding register to No. 775 9th Ave. street, New York, for the use of which the undersigned agree to pay you for two registers so shipped as follows: $75 cash on delivery, and $75 each month, until the sum of $300, for two registers so shipped, has been paid; then said registers to become the property of the undersigned. It is specially agreed that until said sum is fully paid, the undersigned are to have the custody only of said register, the title and right of possession remaining in the Lamson Consolidated Store Service Company; and the undersigned are to use said register in a reasonable manner, and are not to remove it from the said premises without the consent of said company in writing first obtained. If any part of said sum is not paid as and when agreed, or if the above contract is in any way broken, said company may enter the premises where said register is situated, and remove the same without process of law, and the undersigned shall have no right to recover any portion of the amount theretofore paid for use of said register. Register shipped June 29, '91. Plate No. 70,454, 70,459. No. 849.                                    GEO. C. HARTUNG, 775 9th Ave."

On margin: "Change and pint key and tablets. F. A. S."

The judgment below was reversed because, among other grounds, of the of the admission of oral evidence of a warranty by the seller.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Theodore H. Friend,* for appellant. *Louis F. Doyle,* for respondent.

PRYOR, J. Assuming for argument that the evidence suffices to establish a warranty by the plaintiff, and that under the answer the defendant was privileged to prove it, the question is whether the order for the registers constituted such a contract as precluded parol evidence of the warranty. The rule is fundamental and familiar that, if a paper appear on its face to be a complete contract, then, in the absence of fraud, accident, or mistake, parol evidence is inadmissible to enlarge its terms; the conclusive presumption of law being that such paper embodies the entire agreement of the parties. And whether or not a writing, upon its face, be a complete expression of the agreement of the parties, is for determination by the court. *Harrison* v. *McCormick,* 89 Cal. 327, 26 Pac. Rep. 830. Purporting to be a conditional sale of chattels, the paper in question specifies the conditions, names the seller and buyer, identifies the things sold, states the price, times of payment, and place of delivery. In this enumeration, what element requisite to the completeness of such a contract is wanting? True, the paper is signed only by defendant, the buyer; but the acceptance of it, and delivery of the chattels pursuant to its provisions, makes plaintiff, the seller, as essentially a party to it as would be implied by a formal subscription. *Mason* v. *Decker,* 72 N. Y. 595; *Dent* v. *Steam-Ship Co.,* 49 N. Y. 390; *Pierson* v. *Morch,* 82 N. Y. 503; *Sands* v. *Crooke,* 46 N. Y. 564, 570; *McCae* v. *Purmort,* 16 Wend. 460.

The plaintiff being thus a party to the contract, and bound by its terms, the position is untenable that the paper contains and exhibits only the agreement of the defendant. By acceptance of the order plaintiff incurred an obligation to fulfill it, and that obligation the paper distinctly defines. If the paper imports an agreement on the part of the defendant to buy and pay the price, it equally expresses an agreement on the part of the plaintiff to sell and accept the price. If the paper imports that the chattels are to continue

the property of the seller until paid for, it equally expresses that the chattels are to become the property of the defendant when paid for. In a word, the paper signed by the defendant, and accepted by the plaintiff, comprises and exhibits the agreement of both parties; and, as constituting on its face a complete contract, each party is estopped to say. that it is incomplete, because not containing a term resting in parol. If oral testimony be admissible to show the incompleteness of an apparently complete agreement, then, manifestly, nothing remains of the immemorial and salutary rule that parol evidence is incompetent to alter a written contract. The conclusion is as clear upon authority as upon principle. *Thomas* v. *Scutt*, 127 N. Y. 133, 27 N. E. Rep. 961; *Eighmie* v. *Taylor*, 98 N. Y. 288; *Seitz* v. *Machine Co.*, 141 U. S. 510, 12 Sup. Ct. Rep. 46; *Dent* v. *Steamship Co.*, 49 N. Y. 390. The cases cited to the contrary of the proposition are distinguishable. In *Routledge* v. *Worthington Co.*, 119 N. Y. 592, 596, 23 N. E. Rep. 1111, "there was no written contract between the parties," and the oral evidence was of a collateral and independent agreement. In *Chapin* v. *Dobson*, 78 N. Y. 74, the original contract was oral and entire, and only a part of it was reduced to writing. In *Curtis* v. *Soltau*, (Com. Pl. N. Y.) 12 N. Y. Supp. 285, a latent ambiguity lurked in the language of the agreement, namely, whether the sale was by sample, and such ambiguity is always open to parol explanations. In *Tocci* v. *Arata*, Id. 287, it is not apparent from the report but that the oral evidence went only to prove some collateral and independent stipulations. Besides, the writing purported to contain the obligation of but one party; whereas, here, the contract comprises the engagements of both parties, *e. g.*, of the plaintiff that on full payment the registers should become the property of the defendant. In *Brigg* v. *Hilton*, 99 N. Y. 517, 3 N. E. Rep. 51, and in *Wise* v. *Rosenblatt*, (Com. Pl. N. Y.) 12 N. Supp. 288, the instruments could not be construed as being the whole contract between the parties. In *Van Brunt* v. *Day*, 81 N. Y. 251, the evidence was of an independent collateral agreement. Perhaps it may be deemed important, in deciding of which party the paper expresses the undertaking, to ascertain from whom it emanated. If it came as an overture of purchase from the defendant, then possibly it might be construed as containing only the terms upon which he proposed to buy, and in this aspect we have hitherto contemplated it. In fact, though ostensibly an order from the defendant, plainly the paper was prepared by and proceeded from the plaintiff, and so declared the terms upon which he offered to sell, that is to say, his undertaking, accepted and signed by the defendant, it then exhibited the obligations of both parties. In our judgment, after the paper was subscribed by one and accepted by the other party, it was quite immaterial from whom it issued in the first instance; and we advert to the fact that it was actually an offer of sale by the plaintiff, only to demonstrate that, by the defendant's own argument, it expressed the engagement as well of seller as of buyer. We affirm these propositions as true beyond doubt or discussion, namely, that where a written offer, containing expressly or by implication all the engagements appropriate and necessary to the agreement, is signed by one party and accepted by the other, it constitutes such a complete contract between them that oral evidence is inadmissible to add to its terms; and that, if such a contract be an executory agreement for the sale of a chattel, a warranty of the thing so sold is not open to proof by parol testimony. It results, therefore, that the order reversing the judgment was correct, and that it must be reaffirmed, with $10 costs and disbursements.

All concur.