(14 Misc. Rep. 349.)

## SEGUINE v. SPAETH.

(Common Pleas of New York City and County, General Term. November 4, 1895.)

1. EVIDENCE—PAROL TO AFFECT WRITING.
   Where a contract for the payment of commissions was signed by defendant only, and purported to contain his obligation alone, parol evidence is admissible to show what was the undertaking of the other party.

2. CONTRACTS—CONSIDERATION.
   Where work in the construction of a building had been suspended for want of funds, and in consequence of liens on the building, the making by a third person of such arrangements as would allow the work to proceed is a sufficient consideration for a promise to pay therefor.

Appeal from Eleventh district court.

Action by Anna S. Seguine against George Spaeth on a contract between plaintiff's assignor and defendant providing for the payment of certain commissions, provided that such arrangements were made as would allow work to proceed on the construction of plaintiff's building, which had been suspended for want of funds, and in consequence of liens, judgments, etc., on the building. From a judgment for defendant, rendered by the justice without a jury, plaintiff appeals. Reversed.

Argued before DALY, C. J., and GIEGERICH, J.

Quincy, Wendel & Robeson, for appellant.

Arthur J. Westermayer, for respondent.

PER CURIAM. The plaintiff sued to recover for certain commissions or payments claimed to have been earned by her assignor, John L. Douglas. The first cause of action was for 5 per cent. on $625; the second cause of action was for 5 per cent. on $400; and the third cause of action for 5 per cent. on $650.

With respect to the second and third causes of action there appears to have been a conflict of fact, upon which we will not pass; but with regard to the first cause of action there was no such dispute. The agreement of the defendant to pay the plaintiff's assignor was embodied in a written contract, signed by the defendant. The writing was not signed by the plaintiff's assignor, and does not purport to contain his obligation. It was therefore proper to show upon the trial, by parol, what his undertaking was. Curtis v. Soltau (Com. Pl.) 12 N. Y. Supp. 285; Tocci v. Arata, Id. 287; Wise v. Rosenblatt, Id. 288. He testifies: "All I had to do under my contract was to make such arrangements as would allow the work to proceed thereon." And this he reiterated afterwards. This testimony disposes of any contention that there was no valid contract proved under the first cause of action because of any lack of consideration on the part of Douglas. The ground upon which the claim of the plaintiff upon this contract was disallowed does not appear from the record. If the plaintiff was not bound to do more than make arrangements so as to allow the work to proceed, and he did so, he had performed the contract upon his part, and was entitled to recover. If his obligation was to do more, the defendant should have been

permitted to show it. But he was not permitted to contradict plaintiff's evidence on that point; for, when he attempted to show what Douglas' statements or promises were at the time the writing was signed, such evidence was excluded. Upon a new trial any defense based upon the evidence can be considered. There was evidently a mistrial upon this cause of action, at least; and the whole judgment must be reversed, and a new trial ordered, with costs to abide the event.