NATELSOHN v. REICH et al.

(Supreme Court, Appellate Term.   June 1, 1906.)

1. LANDLORD AND TENANT—REDUCTION OF RENT—CONSIDERATION.

It is sufficient consideration for reduction of the rent for the remainder of the term of a lease that the lessee agrees to make and does make additions to and alterations of the premises not required by the provision of the lease that he make all necessary repairs required to be done to keep the premises in good and tenantable condition.

2. EVIDENCE—PAROL TESTIMONY—AGREEMENT TO REDUCE RENT.

The consideration of an agreement reducing rent for the remainder of the term of a lease may be shown by parol.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2052, 2058.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

.Action by Isaac Natelsohn against David Reich and another. From a judgment for defendants, and from an order denying a motion to modify the judgment in regard to jury fees, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

I Siegel, for appellant.

J. Wilkenfeld, for respondents.

DAVIS, J. The plaintiff is the lessor and the defendants are lessees of premises No. 5 Allen street, New York City, under a lease dated June 14, 1901. The term of the lease is five years. The defendants entered into possession under the lease, and on the 25th of June, 1902, the rent reserved in the lease was reduced, as shown in the following writing signed by the parties to the lease:

"It is hereby agreed by and between the parties to the within agreement that this lease shall be in force and effect for the remainder of the term, with all its conditions, but with one exception, and that is, instead of the payment of rent of $3,300, it shall be reduced to $3,000, payable in equal monthly payments of $250, to commence on July 1, 1902, and to continue for the balance of the period of the within lease.

"Dated New York June 25, 1902."

The defendants paid and the plaintiff accepted the reduced rental up to January 1, 1906. On January 1, 1906, the plaintiff refused to accept the reduced rental, and demanded rental at the rate of $275 a month, as reserved in the lease. The defendants refused to pay $275, and the plaintiff brought this suit to recover $275 as the rent due January 1, 1906, under the terms of the lease. The plaintiff claims that his agreement, as shown by the writing of June 25, 1902, was without consideration, and that therefore he is at liberty at any time, to cancel it so far as the unexecuted part of it is concerned. The defendant claims that there was a consideration for the agreement, and that it is binding upon the plaintiff. At the trial counsel on both sides at the close of the case agreed that "as to the evidence there was no dispute," and thereupon waived the jury trial and left the case to the judge, who rendered judgment in favor of the defendants and against the plaintiff, awarding $20 extra costs and $4.50 jury fee. From this judgment the plaintiff appeals. The plaintiff also appeals from an order denying his motion to modify the judgment by striking out the $4.50 allowed as jury fee on the ground that a jury trial was waived.

I think the defendants showed a good consideration for the written agreement of June 25, 1902. They testified that just prior to the execution of the writing of June 25, 1902, they had a conversation with the plaintiff, in which he agreed to make the reduction of rent; provided the defendants would make certain additions and alterations to the building. This arrangement was consummated the writing was signed, and the additions to the premises were made at the expense of the defendants. These alterations consisted of new floors, concrete ceiling, new shelves, and 12 closets, removing wooden walls and putting in plastered walls, etc. It is not denied that these alterations were made, nor is it denied that this conversation took place; but the plaintiff seems to have objected to the admission in evidence of the

conversation, and to have noted an exception. I think, however, the conversation was properly admitted to show a consideration for the agreement of June 22, 1902. No consideration was referred to in that writing, and it refers only to plaintiff's obligation. On its face the writing appears not to contain the whole agreement between the parties. It is obviously an incomplete instrument. There must have been some good reason for modifying the lease by a reduction of the rent, some reciprocal obligation of the defendants. Under these circumstances it was proper to allow the defendants to show the whole agreement between the parties, even by oral testimony. Parks v. Clark, 2 N. Y. St. Rep. 329; Seguine v. Spaeth, 14 Misc. Rep. 349, 35 N. Y. Supp. 847.

But the plaintiff claims that the work done by the defendants was required of them under the covenant in the lease as to repairs, and that therefore they agreed to do no more than what the lease itself required of them. Under the lease the tenants were to make all necessary repairs required to be done to keep the premises in good and tenantable condition. The work done by the defendants clearly cannot be classed as ordinary or necessary repairs, as contemplated under the lease.

I think the judgment and order should be affirmed, with costs to the respondents. All concur.