[Civil No. 2182. Filed July 7, 1925.]

[238 Pac. 330.]

BARNETT ROSENBURG, EDWARD W. ROSENBURG, JACK ROSENBURG, RUDOLPH ROSENBURG, W. H. ROSENBURG and P. ROSENBURG, Copartners Transacting Business Under the Firm Name and Style of ROSENBURG & COMPANY, Appellants, v. CAPITAL CUT STONE & GRANITE COMPANY, a Corporation, Appellee.

1. APPEAL AND ERROR—COURT'S FINDINGS OF FACT PRESUMED CORRECT, AND ACCEPTED IF SUSTAINED BY ANY EVIDENCE.—In passing on sufficiency of evidence, every presumption is in favor of findings of trial judge, and they will be accepted if there is any evidence in record to sustain them.

---

1. See 2 R. C. L. 203.

2. SALES—EVIDENCE HELD TO SUPPORT FINDING OF ORAL EXPRESS WARRANTY.—Under Civil Code of 1913, paragraph 5160, evidence that seller of gas-engine told buyer he had "two first-class engines for sale and would guarantee either of them," and that one sold was running all right 10 days previous to conversation, and that engine was purchased on strength of that statement, was sufficient to support finding of express oral warranty of first-class running condition inducing purchase.

3. EVIDENCE — ORAL EXPRESS WARRANTY HELD ADMISSIBLE, WHERE WRITING DID NOT IMPORT COMPLETE OBLIGATION.—In action for breach of warranty of gas-engine, evidence of oral warranty *held* admissible, as writing did not import complete legal obligation.

4. SALES—CONTENTION AS TO PLACE OF FIXATION OF VALUES TO DETERMINE DAMAGES FOR BREACH OF WARRANTY HELD WITHOUT MERIT.—In action for breach of warranty of gas-engine, claim of sellers that fixing of values for purpose of ascertaining damages under Civil Code of 1913, paragraph 5240, should be as of place from which shipment was made, on theory, as borne out by memorandum of sale, that sale was f. o. b., that point cannot be asserted where seller actually consigned shipment to itself at delivery point.

See (1) 4 **C. J.**, pp. 775, 879. (2) 35 **Cyc.**, p. 464. (3) 22 **C. J.**, pp. 1258, 1287. (4) 35 **Cyc.**, p. 467.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Affirmed.

Messrs. Baker & Whitney, for Appellants.

Mr. Samuel White and Mr. Charles A. Carson, Jr., for Appellee.

LOCKWOOD, J.—The Capital Cut Stone & Granite Company, a corporation, hereinafter called plaintiff, brought this action against Rosenburg & Company, a copartnership consisting of Barnett, Edward, Jack, Rudolph, W. H. and P. Rosenburg, hereinafter called defendant, for damages for a breach of warranty on

3. On right to show parol warranty in connection with a contract of sale of personalty, see note in 19 **L. R. A.** (N. S.) 1183. See, also, 23 **R. C. L.** 1401.

the sale of a certain piece of machinery. The complaint set up general damages, and was amended at the trial to include special damages for material, labor, and freight charges incurred in an effort to repair the machinery. The matter was tried before the court without a jury and findings of fact duly filed. On these findings judgment was rendered for plaintiff for one thousand three hundred and twenty-two dollars ($1,322), and defendant appeals therefrom to this court.

There are nine assignments of error, which raise in substance three propositions of law. The first is that there was no legal evidence of any actionable express warranty, as found by the trial court. The transaction out of which the case arose was the purchase from defendant by plaintiff of a certain 80-H. P. gasoline engine. The negotiations were conducted by Joe Monihon and J. B. Jones on behalf of plaintiff, and Jack Rosenburg for defendant.

Of course, in passing on questions as to the sufficiency of the evidence in an appeal of this nature, every presumption is in favor of the findings of the trial judge, and, if there is any evidence in the record which will sustain them, we must accept them as correct. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587. For this reason, in quoting the testimony, we have given only that which most strongly supports the findings.

A few days before May 5, 1920, Monihon testified he had a conversation with Rosenburg in regard to the purchase of a gasoline engine. The latter told him he "had two first-class engines for sale, and would guarantee either one of them," and, referring to the engine finally sold, "that it was running about ten days before the time of our conversation, and was running all right"; also, "the extent of his guarantee was that the engine was in first-class running condi-

tion and was then operating, or had been operating, a short time before the day of my first conversation with Rosenburg, and on the strength of that statement I purchased the engine.''

Paragraph 5160, R. S. A. 1913, reads as follows:

''Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon.''

Under this section and the evidence above quoted, the court was justified in finding there was an express oral warranty of first-class running condition, which the buyer relied on, and which induced him to purchase the engine. It is urged, however, that the contract of sale was reduced to writing, and that no parol evidence is therefore admissible of any express warranty not found in the written contract. The document relied on in support of the above contention reads as follows:

''Rosenburg & Co., Mining and Pumping Machinery, 308 East 3rd St., Los Angeles, Cal. Phone Pico 1183. Sold to Capital Cut Stone & Granite Co., Kirkland, Arizona, ship by S. Fé, at once. Date sold: 5/5/20. Terms: Cash. Amount of order: $2,000.00. Dep.: $1,000. Balance: $1,000. Bill lading attached. Salesman: J. R. Description: 1–80 H. P. Fairbanks Morse Engine, f. o. b. Hackberry, Ariz. Amount: $2,000. On account: $1,000. Bal.: $1,000. J. B. Jones (Paid).''

The law is unquestioned. An oral warranty may not be added to a complete written contract of sale, but, if the instrument relied on does not contain such language as imports a complete legal obligation, such warranty may be shown. *Gilmore* v. *Wingate*, 21 Ariz. 542, 190 Pac. 571. Is the document in question one of the kind which ''imports a complete legal obligation''? We think the case of *Routledge* v. *Worth-*

*ington,* 119 N. Y. 592, 23 N. E. 1111, sets forth the rule to be followed in cases of this kind.   The court therein says:

"There was an agreement entered into, whereby the plaintiffs undertook to sell and the defendant to buy . . . there were stipulations made as to the terms and conditions of the sale and of the purchase.   The defendant's undertaking is shown by the writing signed by it, but the plaintiffs' lay wholly in parol. . . . The defendant is concluded, *prima facie,* as to its promises by the writing; but whether the plaintiffs promised something more than can be inferred from that writing, and which may constitute a separate undertaking leading to the defendant's order, and what they did at the interview when the bargain was arranged, must be shown by a resort to the conversation.   The testimony which the defendant has sought to elicit bore upon that transaction, and was offered with the view of proving what then was said and done about the matter of a sale.   The proposed evidence was predicated on the allegation of a reciprocal engagement on the plaintiffs' part relating to the same subject matter. . . . The rule which rejects parol evidence, when offered with respect to a contract between parties and put into writing, has no application to a case like this, where, of the original agreement which has been executed, a part only is in writing, and the rest was verbal. . . . Whether we regard the writing of the defendant as an order or as an agreement is quite immaterial.   In either view, it was an admission only of the defendant's engagement."

See, also, *Curtis* v. *Soltau,* 12 N. Y. Supp. 285.

The court was justified, therefore, in its finding there was an express warranty the engine purchased was in first-class running condition.

The evidence shows clearly that there was a breach of the warranty.   The engine was not in "first-class running condition."   The court, it is true, fixed the place where the defect existed as in Kirkland, and as of the time of delivery there, but the specific defects

found by the court were of such a nature it is plain they must also have existed long before the engine was loaded at Hackberry and could not possibly have occurred while it was in transit or waiting for erection at Kirkland.

There being a warranty and the breach thereof, there remains only the question of damages. Paragraph 5240, R. S. A. 1913, gives the proper measure to be applied:

"In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."

It is strenuously contended the place of delivery was f. o. b. Hackberry, and that the values should have been fixed as of that place. While the memorandum signed by Jones does state "f. o. b. Hackberry, Arizona," yet the testimony of defendant's agent also shows that the bill of lading, issued nearly a month later, showed the engine as consigned, not to plaintiff, but to defendant, at Kirkland, Arizona. If defendant, after the memorandum was signed by Jones, deliberately chose to consign the engine to itself at Kirkland, it cannot now well assert the memorandum conclusively shows delivery was made at Hackberry, especially in the light of the testimony of Monihon. If Kirkland was the place of delivery, the damages found were supported by the evidence.

There being no reversible error in the record, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.