WINIFRED F. ROGERS *vs.* NORBERT U. ZIELINSKI.

MAY 8, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an action of assumpsit to recover damages growing out of the sale of a used Mercedes-Benz automobile by the defendant to the plaintiff. The case was tried before a justice of the superior court sitting without a jury and resulted in a decision for the defendant for costs. The case is here on the plaintiff's single exception to the trial justice's decision.

The amended declaration contains two counts, the first being on an express warranty whereby defendant promised plaintiff that the automobile was in excellent condition and was guaranteed for 64,000 miles, but that actually it was not in first-class mechanical condition, that it did not have a guarantee of 64,000 miles, and that plaintiff was forced to spend large amounts to put it in condition. In the second count plaintiff declares on an implied warranty as to the condition of the automobile. The plea is the general issue.

The evidence shows that a considerable amount was expended by plaintiff in making repairs on the automobile.

The trial justice in her decision carefully analyzed the evidence, found that there was no credible evidence from which one could conclude that there was any reliance by plaintiff on the skill or judgment of defendant, and therefore concluded that no implied warranty as contended ever arose in connection with the transaction. After a consideration of the evidence we cannot say that the trial justice was clearly wrong in such conclusion.

As to the express warranty declared on in the first count, a bill of sale signed by defendant was introduced in evidence which recited the consideration of $10 and other valuable considerations, described the automobile, and contained a covenant as to title.

Oral testimony was offered during the trial, to which no objection was taken, tending to prove misrepresentation in the nature of a breach of warranties. The trial justice stated in her written decision: "This evidence cannot be accepted because it is an attempt to vary the terms of a written instrument by parol evidence. The contract is complete and regular on its face and no evidence may be accepted varying or *adding* to the terms of the contract. The misrepresentations in the nature of breaches of warranty, if they were made, were made prior to execution of contract."

The trial justice's decision makes very clear her position that the bill of sale is the agreement of the parties, and being in writing may not be undermined or added to by parol evidence of statements or conversations prior in time to its delivery by defendant. She relies upon *D. W. Flint Motor Sales, Inc.* v. *Crofton,* 54 R. I. 160, and *Gaddes* v. *Pawtucket Institution for Savings,* 33 R. I. 177. We do not question the propriety of the holdings in these cases. The plaintiff, however, very strongly urges that the bill of sale does not contain the whole agreement of the parties, and that the oral testimony which the trial justice declined to pass upon in no way contradicts anything in the bill of sale which was signed only by defendant. It is true that it was delivered to plaintiff and accepted by her. It does not contain the purchase price which was $3,600 and contains a covenant only as to title.

The question of whether the trial justice erred in refusing to consider any oral evidence of the making and breach of express warranties is the sole question raised by plaintiff in her brief wherein she seeks to show that the trial justice committed error in her decision for defendant.

It may be pointed out that the bill of sale contains no disclaimer and no statement of any sort to the effect that it contains the whole agreement between the parties.

In *Quinn* v. *Bernat,* 80 R. I. 375, relied upon by the trial justice, the agreement of sale was signed by the parties and

it was expressly stated therein that the Ford automobile was accepted on the basis of its condition "without any express or implied warranties, agreements, representations, promises or statements unless expressly set forth in this contract at the time of purchase."

Perhaps there is no case in our own reports which sets out more clearly the application of the parol evidence rule and the circumstances under which there are exceptions to it than *Supreme Woodworking Co.* v. *Zuckerberg,* 82 R. I. 247. After setting out the rule the court states at page 252: "On the other hand this court, in harmony with generally-accepted principles, has recognized certain so-called exceptions to the general rule. Under such exceptions parol or extrinsic evidence is admissible, for example, to complete or clarify an instrument which appears on its face to be incomplete or ambiguous, or to show a condition precedent on which the existence of a written contract depends."

In attempting to determine whether a written agreement, in this case the bill of sale, was intended to cover a negotiation, 9 Wigmore, Evidence (3d ed. 1940), §2430 (3), p. 98, states: "In deciding upon this intent, the chief and most satisfactory index for the judge is found in the circumstance whether or not the *particular element of the alleged extrinsic negotiation is dealt with at all* in the writing. If it is mentioned, covered, or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element; if it is not, then probably the writing was not intended to embody that element of the negotiation."

In the bill of sale the only warranty is as to title. There is no warranty as to the condition or the performance of the automobile. In Restatement, Contracts (1932) §240(1), p. 335, it states: "(1) An oral agreement is not superseded or invalidated by a subsequent or contemporaneous integration, nor a written agreement by a subsequent integration relating to the same subject-matter, if the agreement

is not inconsistent with the integrated contract, and (a) is made for separate consideration, or (b) is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract." See also 46 Am. Jur., Sales, §316, p. 499.

In the case of *Hersom* v. *Henderson*, 21 N. H. 224, which involved the sale of two horses, a bill of sale was offered containing a receipt for the payment of their price. The paper contained no warranty. The trial court held that the writing must be presumed to contain the entire contract and that parol evidence was not admissible to prove a contract of warranty not contained in the writing. In the course of its opinion the court said at page 226:

> "Parol evidence is not admissible to vary or control the writing, and if the evidence offered has that effect, it was properly excluded. But we think that the evidence was competent. The plaintiffs did not rely on the writing to make out their case, nor was it necessary that they should do so. The evidence of the warranty does not contradict or vary the effect of the writing in any degree. It does not even explain it, and it needs no explanation by evidence *aliunde*. The defendant proved a warranty by evidence as independent of the writing, as one thing of the kind can be of another. There is no reason to presume that, because the parties made a written contract relating to the price and age of the horses, therefore they made no other contract relating to them, touching a matter perfectly consistent with the writing. There is no necessary or usual connection between the two matters, and we cannot reason from one to the other. The opinion of the Court is that the ruling was erroneous."

See also *Rosenburg* v. *Capital Cut Stone & Granite Co.*, 28 Ariz. 505; *Brock* v. *Newmark Grain Co.*, 64 Cal. App. 577; *Roof* v. *Jerd*, 102 Vt. 129; *Neal* v. *Flint*, 88 Me. 72; *Red Wing Mfg. Co.* v. *Moe*, 62 Wis. 240.

In the case at bar the written agreement was a formal bill of sale and did not contain even the contract price which

was $3,600. It was the type of instrument which might well not contain warranties if there were such. There is no language in the bill of sale which would permit one to say that it necessarily represented the entire contract between the parties.

In our opinion the evidence which tended to support the allegations of the first count should have been considered by the trial justice. To hold that such evidence was in conflict with the written evidence embodied in the bill of sale and for that reason could not be considered was error.

The plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*Alexander G. Teitz,* for plaintiff.

*Corcoran, Peckham & Hayes, Patrick O'N. Hayes,* for defendant.